**MARSHALL DENNEHEY**
**WARNER COLEMAN & GOGGIN**
By:    Jason Banonis, Esquire
ID. No.:  85115
4905 W. Tilghman Street, Ste 300
Allentown, PA 18104
Phone:  484-895-2338
Fax: 484-895-2303

Attorney for Defendant
Aramark Educational Services, LLC
(misidentified in plaintiff's Writ of
Summons as "Aramark Food and
Support Services, Inc.")

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CASSIDY PYSER | : | |
| Plaintiff | : | |
| v. | : | No. 5:19-cv-05581-JLS |
| | : | |
| KUTZTOWN UNIVERSITY OF | : | |
| PENNSYLVANIA | : | |
| And | : | |
| ARAMARK FOOD AND SUPPORT | : | |
| SERVICES GROUP, INC. | : | |
| And | : | |
| MELISSA VANDERPOOL, | : | |
| DESIREE REASONER, | : | |
| JESUS PENA, AND | : | |
| UNIDENTIFIED JOHN DOE CAMPUS | : | |
| SECURITY POLICE OFFICERS, ALL | : | |
| ACTING IN THEIR INDIVIDUAL | : | |
| CAPACITIES c/o KUTZTOWN | : | |
| UNIVERSITY, | : | |
| And | : | |
| PAUL MACK AND | : | |
| CHRISTOPHER WALLACE c/o | : | |
| ARAMARK FOOD AND SUPPORT | : | |
| SERVICE GROUP, INC. | : | |
| Defendants | : | JURY TRIAL DEMANDED |

**MOTION OF DEFENDANT ARAMARK EDUCATIONAL SERVICES, LLC, FOR
DISMISSAL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Aramark Educational

Services, LLC, (misidentified in Plaintiff's Complaint as "Aramark Food and Support Services,

Inc.") ("Aramark") hereby moves this Honorable Court for dismissal of Plaintiff's claims against Aramark and, in support thereof, avers as follows:

1.      Plaintiff filed an Amended Complaint, again alleging that while a student at Co-Defendant Kutztown University ("Kutztown"), she experienced religious discrimination, racism and bigotry in violation of 42 U.S.C. 1983. *See* plaintiff's Amended Complaint[1], attached as Exhibit "A".

2.      Ms. Pyser's factual allegations as to Aramark remain unchanged -- in January, 2017, while attempting to eat at one of the assigned University dining halls, she was confronted and refused service by a former roommate who held a student job as a cafeteria food service worker of Aramark. *Id.* at ¶38 [misnumbered in plaintiff's Amended Complaint as paragraph "32"].

3.      The Amended Complaint does differ slightly from the original Complaint in that plaintiff amended paragraph 16 to now say that Aramark's provision of food and dining services to students at the University dining halls is a function traditionally provided by a government actor. *Id* at ¶16.

4.      Regardless, the claims as to Aramark still fail as a matter of law because the allegations remain insufficient to consider Aramark a state actor and/or acting under the color of state law.

5.      Furthermore, there remains no evidence of "deliberate indifference" by Aramark officials nor, for that matter, any evidence that Aramark was aware of, encouraged, or was personally involved in the incident which is the subject matter of Plaintiff's Complaint. *Parratt v. Taylor*, 451 U.S. 527 (1981).

---

[1] On November 12, 2019, Plaintiff filed this instant action in the Court of Common Pleas of Philadelphia alleging violations of 42 U.S.C. §1983.

6.     Plaintiff's Amended Complaint again purports to assert causes of actions under 42 U.S.C §1983[2]. Specifically, plaintiff alleges that Aramark conspired to violate her constitutional rights to be free of actions taken against her because of religious expression. *See* Exhibit "A".

7.     Plaintiff's Amended Complaint also contains the same various state law causes of actions as to Aramark including: tortious interference with implied contract, intentional infliction of emotional distress and negligent infliction of emotional distress. *Id.*

8.     Defendants previously filed a Joint Notice of Removal to the United States District Court for the Eastern District of Pennsylvania based on claims under a federal statute.

9.     To state a claim under Section 1983, a plaintiff must demonstrate that: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of rights, privileges or immunities secured by the Constitution or law of the United States. *See  Gavenas v. Kurtz*, 1999 U.S. Dist. Lexis 13392 (E.D. Pa. 1999); Johnson v. Desmond, 658 A.2d 375 (1995),  appeal denied, 672 A.2d 308 (Pa. 1995).

10.    Plaintiff's Amended Complaint again fails to demonstrate that Aramark, as a private company, is a state actor, acting under color of state law.

11.    "The mere assertion that one is a state actor does not mean that the act performed is automatically under color of state law.  Action is taken under color of state law when it is made possible only because the wrongdoer is clothed with the authority of state law." *Thomas v. Cannon*, 751 F.Supp. 765  (N.D. IL. 1990) citing *Hughes v Gibson*, 910 F.2d 1510  (7th Cir. 1990).

---

[2] The claims against Kutztown University again are couched as breach of contract, fraud in the inducement, violations of the Pennsylvania Constitution and promissory estoppel.  She also again alleges against both the University and Aramark tortious interference with her implied contract with the University.  She further claims intentional infliction of emotional distress and negligent infliction of emotional distress against all defendants.

12.     The Amended Complaint still fails on plaintiff's 1983 claims because Aramark's only connection to the events is that a student food server committed one of the complained acts. It cannot be argued that Aramark providing food and dining services to students at a University dining hall is a function traditionally provided by a governmental actor.

13.     A plaintiff must establish a causal link between the alleged custom or policy and the alleged Section 1983 violation and concomitant harm. *See City of Canton v. Harris*, 489 U.S. 379, 386 (1989).

14.     Plaintiff again fails to assert facts demonstrating the existence of a "policy" or "custom" on the part of Aramark which was the moving force behind the alleged constitutional violation.

15.     Under the government function test set forth at length in defendant's brief, Aramark's function in providing food services is not traditionally the exclusive prerogative of the state.

16      Similarly, under the symbiotic relationship test also set forth in defendant's brief, the State has not so far insinuated itself into into a position of interdependence with Aramark 3.

17.     Further, under the close nexus test, there is no close nexus between the State and Aramark's activity that Aramark's activity can be treated as activity of the state itself.

18.     Plaintiff also does not allege that Aramark had any personal involvement with the alleged harm and the doctrine of *respondeat superior* is not applicable to suits filed pursuant to section 1983. *Guillory v. County of Orange*, 731 F.2d 1379 (9th Cir. 1984). *See also Duckworth v. Franzen*, 780 F.2d 645 (7th Cir. 1985).

19.    For all the foregoing reasons and the reasons stated more fully in defendant's brief, there is no legal basis against Aramark for Plaintiff's claims under Section 1983 and Plaintiff's Amended Complaint should be dismissed in its entirety.

WHEREFORE, Defendant Aramark Educational Services, LLC, respectfully requests that Plaintiff's Aramark Complaint as against Aramark be dismissed with prejudice.

Respectfully submitted,

MARSHALL DENNEHEY
WARNER COLEMAN & GOGGIN

BY: *Jason Banonis*
     Jason Banonis, Esquire
     Attorney for Defendant
     Aramark Educational Services, LLC

**EXHIBIT "A"**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA   2019 DEC 30   P 5: 39

USDC-EDPA
REC'D CLERK

| | |
|---|---|
| CASSIDY PYSER<br>3228 Ellington Court<br>Bensalem, PA  19020<br>       Plaintiff,<br>   v.<br>KUTZTOWN UNIVERSITY OF<br>PENNSYLVANIA<br>15200 Kutztown Road<br>Kutztown, PA  19530<br>     and<br>ARAMARK FOOD AND SUPPORT<br>SERVICE GROUP, INC.<br>2400 Market Street<br>Philadelphia, PA  19103<br>     and<br>MELISSA VANDERPOOL,<br>DESIREE REASONER,<br>JESUS PEÑA, and<br>UNIDENTIFIED JOHN DOE<br>CAMPUS SECURITY<br>POLICE OFFICERS, all acting in<br>their individual capacities,<br>c/o Kutztown University of<br>Pennsylvania<br>15200 Kutztown Road<br>Kutztown, PA  19530<br>     and<br>PAUL MACK and<br>CHRISTOPHER WALLACE,<br>c/o Aramark Food and Support<br>Service Group, Inc.<br>2400 Market Street<br>Philadelphia, PA  19103<br>       Defendants. | CIVIL ACTION<br><br>NO. 19-5581<br><br>JURY TRIAL DEMANDED |

## AMENDED CIVIL ACTION COMPLAINT

Plaintiff Cassidy Pyser ("Plaintiff" or "Pyser"), by her undersigned attorneys, avers as follows in support of the allegations and causes of action set forth in this Amended Complaint against the named Defendants:

## INTRODUCTORY STATEMENT

1.    Plaintiff brings this action to redress claims arising from the actions and inactions effected by the Defendants individually and in concert to deprive her of her common law and constitutional rights in connection with her attendance as a fully matriculated student for two years at Kutztown University ("Defendant Kutztown" or the "University") located in Kutztown, Pennsylvania.

2.    More specifically, the following paragraphs document that after Defendant Kutztown fraudulently induced Plaintiff to attend and reside at the University by promising a safe educational and residential environment, the Defendants, individually and collectively directly created the danger that allowed Plaintiff to be the victim of outrageous and uncorrected anti-Semitic acts and behaviors that caused her great emotional harm and required her to leave her studies at Kutztown University before the start of her third year. Moreover, Defendant Kutztown and its named individual employees caused the danger and, in turn, the harm that was reasonably foreseeable caused to Plaintiff, who as an individual of the Jewish faith was a reasonably foreseeable victim, acted with culpability that shocks the conscience, and caused the Plaintiff to be more vulnerable to danger that it created on campus.

3.    The Defendants' individual and collective conduct formed a conspiracy that was grossly indifferent to Plaintiff's constitutional and common

2

law rights and has caused her permanent and irreparable psychological harm,

making a significant compensatory and punitive damages awards appropriate.

## THE PARTIES

4.    Plaintiff Cassidy Pyser is a resident and citizen of the

Commonwealth of Pennsylvania and currently resides at 3228 Ellington Court,

Bensalem, PA  19020.

5.    At all times relevant to the present Complaint, Plaintiff (born

September 18, 1996) was a fully matriculated student at Kutztown University

from September 2015 through May 2017.

6.    Defendant Kutztown is an accredited institution of higher learning

associated with of the Pennsylvania State System of Higher Education

("PASSHE").  Defendant Kutztown's principal place of business is located at

15200 Kutztown Road, Kutztown, PA 19530.

7.    As reflected on its public website, the University boasts student

enrollment of nearly 9,000 students from across the United States and the

world, almost fifty percent (50%) of whom live in residence halls on the

University campus.

8.    Kutztown University was founded in 1866 as Keystone Normal

School, became Kutztown State Teachers College in 1928 and Keystone State

College in 1960.  It achieved University status in 1983.

9.    The University publicly professes not to discriminate in educational

opportunity on the basis of, *inter alia*, religion.

3

10.    While associated with other Universities that are related through
PASHHE, Defendant Kutztown is governed by a Counsel of Trustees ("COT")
consisting of eleven members who set the educational and operational policies
of Defendant Kutztown.

11.    On information, knowledge and belief, Defendant Kutztown is
largely and independently supported by the tuition payments of its students
that, like other institutions of higher learning associated with PASHHE, are
determined by the Kutztown COT in accordance with, *inter alia*, its geographical
location.

12.    On information, knowledge and belief, the COT of Defendant
Kutztown has the power to and does solicit monies from alumni and other
donor sources to fund its operations and maintains accounts separate and
apart from the funds of other PASHHE institutions to hold such funding.

13.    On information, knowledge and belief, the debts and obligations of
Defendant Kutztown, including contractual and other claims brought against it
are binding on that entity and do not constitute claims against the
Commonwealth of Pennsylvania without the voluntary agreement of the state to
accept such obligations.

14.    While at all times applicable to the present Amended Complaint,
Defendant Kutztown was acting under the color of law, the Defendant Kutztown
and the named individual employees of Defendant Kutztown acting in their
individual capacities (Melissa Vanderpool, Desiree Reasoner, Jesus Peña, and
the unidentified police officers) are not actors entitled to statutory protections

4

and immunities extended to actual departments and agencies of the
Commonwealth of Pennsylvania.

15.     Defendant Aramark Educational Services LLC ("Aramark")[1] is a
company incorporated and operating under the laws of the Commonwealth of
Pennsylvania with a principal place of business located at 2400 Market Street,
Philadelphia, PA 19103.

16.     At all times applicable to the present matter, Aramark provided food
and dining services to students in the University's several dining halls at a fee
paid by each of the students participating, a function that traditionally is
provided by a governmental actor, thereby rendering Aramark a governmental
actor for all purposes related to the allegations in the present Amended
Complaint.

17.     Defendants Melissa Vanderpool ("Vanderpool") (Assistant Director of
Residence), Desiree Reasoner ("Reasoner") (Director of Residence Life), Jesus
Peña ("Peña") (Deputy to University President Kenneth S. Hankinson for
compliance and equity and legal affairs), and the yet unidentified John Doe
Campus Security Police Officers ("Police Officers") are all residents and citizens
of the Commonwealth of Pennsylvania employed by the Defendant Kutztown
University in the capacities noted above.

---

[1] By Stipulation entered in the Philadelphia Court of Common Pleas before removal, the
proper Aramark defendant is Aramark Educational Services, LLC. A separate
Stipulation to allow the appropriate amendment to the caption will be shortly filed in
this Court.

18.   At all times relevant to the present Complaint, each of them were acting in their individual capacities under the color of law at Kutztown University, 15200 Kutztown Road, Kutztown, PA 19530 and were responsible for the safety of the students attending and living at the University.

19.   Defendants Paul Mack ("Mack") (Aramark Resident Director) and Christopher Wallace ("Wallace") (Aramark Director of Operations) are residents and citizens of the Commonwealth of Pennsylvania who, at all times relevant to the present Complaint, worked out of the local office of Aramark located at 15200 Kutztown Road, Kutztown, PA 19530.

20.   At all times relevant to the present Complaint, Defendants Mack and Wallace were acting as supervisory and policy-making employees of Aramark serving and employing University students in the University's dining halls.

**VENUE and JURISDICTION**

21.   Venue and jurisdiction are proper in in this Court because Defendant Kutztown and its individually named employees regularly conduct business within the geographical boundaries of the Eastern District of Pennsylvania (including the recruiting of students to attend the University) and Defendant Aramark maintains its principal place of business therein.

22.   This Court has jurisdiction to hear and resolve all of Plaintiff's claims arising from contract and tort actions and actions in accordance with the Pennsylvania Constitution as set forth herein and can hear and resolve all issues relating to Plaintiff's claims arising from the constitutional protections

6

afforded pursuant to the protections of federal constitutional rights brought
pursuant to the provisions of 42 U.S.C. §1983 in accordance with the governing
terms of 28 U.S.C. §§ 1331 and 1343.

## RELEVANT FACTUAL HISTORY

23.    Plaintiff first matriculated as a freshman student the University in
September 2015, intending to seek and secure a four-year college degree.

24.    Her decision in that regard was based upon the representations
publicly made by the University that it provided to all students a safe
environment to under college studies free from any threats to that well-being
made, *inter alia,* on the basis of Jewish religious belief.

25.    Moreover, despite an obligation to do so contractually and pursuant
the federal law known as the Clery Act (formally The Jeanne Clery Disclosure of
Campus Security Policy and Campus Crime Statistics, 20 U.S.C. §1092(f)),
Defendant Kutztown purposely and deliberately created a danger to putative
students of the Jewish faith by not properly advising or giving timely warnings
to incoming Jewish students and their parents in the Annual Campus Security
Reports mandated under the Clery Act that could represent a foreseeable threat
to the safety those students or include in the mandated Annual Campus
Security Reports.

26.    Specifically, despite the fact that it was identified by the Anti-
Defamation League as having been targeted with another 17 Universities and
colleges by neo-Nazi and other hate groups, the University did not warn that the
campus and its immediate environs had been the target of outside white

7

supremacist groups and anti-Semitic postings including the posting of signs throughout the campus area focused on the preservation of white American culture and heralding neo-Nazi propaganda.

27.    The University additionally did not publish that it intended to abolish a University policy rule against the display of symbols of hate and permitted by students in their residence hall of symbols of hate against Jews, including the prominent display of Nazi swastikas and other hate-related propaganda.

28.    Those actions by the University were intentionally taken to convince students that it provided a safe and secure environment that was free from bigotry based on hatred of Jews and that students following Jewish faith would not be the target of hate-related speech, threats and actions.

29.    Those actions were taken solely for the purpose of not curtailing student admissions and resulting additional tuition monies and in the context of the social atmosphere of hatred toward followers of the Jewish faith, constituted actions that shock all decency and morality.

30.    In fact, despite its knowledge of hate-induced criminal activity, it affirmatively withheld from the mandated Clery reports for the years preceding Plaintiff's matriculation all the evidence of such hate-filled activity in or about the campus.

31.    If Plaintiff had been made aware of the hate-related activity on the University campus and in the surrounding community constituting reportable offences mandated both by the Clery Act as well as Defendant Kutztown's

contractual obligations to its students, she would not have accepted admission to the University.

26.    As should have been anticipated by the Kutztown Defendants promptly following her admission, Plaintiff began experiencing discrimination on the basis of her Jewish faith, including statements and actions from roommate Erin Dibble's ("Erin") then-boyfriend.

27.    Those hateful actions increased and while Erin was still her roommate, Plaintiff received from Erin text messages that were hateful, threatening and anti-Semitic.  Copies of those messages are attached as Exhibit "A".

28.    Additionally Plaintiff found that Erin had smashed her mezuzah, a Jewish religious symbol usually posted on an entry doorpost that consists of a piece of parchment called a klaf contained in a decorative case and inscribed with specific Hebrew verses from the Torah.

29.    Following those incidents, the hate-filled actions of Erin continued forcing Plaintiff to move from the dormitory room she shared with Erin and into the suite occupied by the student Resident Assistant, Allison Seibert ("Seibert") who was senior at the University.

30.    Thereafter, through discussions with Plaintiff, Ms. Seibert became aware of the improper actions of Erin and reported that information on several occasions to her direct boss Defendant Vanderpool who in turn discussed the information with Defendant Reasoner.

9

31. No action was taken by any University employee despite the gravity of the accusations against Erin.

32. Shortly thereafter, Plaintiff attempted to eat at one of the assigned dining halls, only to be confronted by and refused service by Erin who was employed as a food server by Defendant Aramark.

33. That incident was reported by Plaintiff and a witness to the events in writing again to Defendants Vanderpool and Reasoner as well as to Aramark employees, Defendants Mack and Wallace.

34. Again no action was taken to resolve the ongoing discrimination or remove Plaintiff from the apparent dangers created by the defendants collectively.

35. Plaintiff also reported the clearly illegal discriminatory actions that she was suffering to the unidentified campus police officers and in turn to security head Jesus Peña who collectively also took no action to resolve the serious issues raised by Plaintiff's complaints.

36. The problems of racism and bigotry against Jews continued to escalate and a campus group called Kutztown Resists organized a march of students, faculty and local residents in response to the ongoing hate-filled Nazi propaganda posted and distributed on the University Campus targeted at Jews.

37. Thereafter, Plaintiff was forced to seek and receive psychological counseling in order to deal with the emotional distress and fear she was experiencing arising from the continued dangers created by the defendants collectively.

38.    Based upon the complete failure of the Defendants, individually and collectively, to resolve the created danger of being exposed to the aforesaid the hate-filled actions and rhetoric causing the danger of which the Defendants were aware that Plaintiff was a victim, on May 2, 2017 Plaintiff announced and advised in writing she would not be returning to the University for the fall semester because of "anti-Semitism".

39.    Plaintiff's last day at the University was May 27, 2017.

40.    Since that time, and as a direct result of the psychological harm caused by the unlawful actions of the defendants collectively in creating the aforesaid danger, Plaintiff was required to miss the entire next semester of schooling.

41.    Thereafter, Plaintiff matriculated as a full time student at another university where she has experienced great success in her studies and is scheduled to graduate with honors in the very near future.

42.    Nevertheless, the actions of Defendants as aforesaid have caused Plaintiff to sustain harm, including economic damages, deprivation of the benefit of her bargains, and losses in tuition, as well as great emotional distress, humiliation and embarrassment.

43.    The actions of the individual defendant were egregious, were affected willfully, maliciously, and with wanton disregard for Plaintiff's rights and were in all respects outrageous, thereby permitting compensation for an award of punitive damages against the appropriate individuals as cited hereinafter.

11

## COUNT I
## BREACH OF CONTRACT
### [Against Defendant Kutztown University]

44.    Plaintiff incorporates by reference paragraphs set forth hereinabove
as if fully set forth in herein.

45.    The actions of the University in not providing the implied promise of
a safe environment to Plaintiff constitute an actionable breach of contract.

44.    As a direct result of that breach, Plaintiff was caused to pay to the
University monies for tuition, room and board, and fees of approximately
$30,000.00 which properly must be returned to her.

45.    Additionally, Plaintiff has been caused to lose a full semester of
earnings and to expend additional sums in connection with her continuing
educational pursuits that would not have been necessary if she had been able
to continue her education at Kutztown.

## COUNT II
## FRAUD IN THE INDUCEMENT
### [Against Defendant Kutztown University]

46.    Plaintiff incorporates by reference paragraphs set forth hereinabove
as if fully set forth in herein.

47.    Plaintiff was fraudulently induced to matriculate as a student at
Kutztown University by the University's false assurance that she would be
provided with an appropriate environment free of hate and bigotry to complete
her studies.

49.    Instead, Plaintiff was forced to leave the University based upon the

oppressive presence of anti-Semitic actions and propaganda.

50.    As a direct result Plaintiff has sustained harm, including economic damages, deprivation of the benefits of her bargains, loses in future earnings and losses in tuition, as well as great emotional distress, humiliation and embarrassment.

## COUNT III
## VIOLATIONS OF THE PENNSYLVANIA CONSTITUTION
### [Against Kutztown University]

52.    Plaintiff incorporates by reference paragraphs set forth hereinabove as if fully set forth in herein.

53.    The actions of the University constitute a denial of due process and equal protection guaranteed by the Constitutions of the United States and the Commonwealth of Pennsylvania.

54.    As a direct result Plaintiff has sustained harm, including economic damages, deprivation of the benefit of her bargains, losses of future earnings and losses in tuition, as well as great emotional distress, humiliation and embarrassment.

## COUNT IV
## TORTIOUS INTERFERENCE WITH PLAINTIFF'S IMPLIED CONTRACT WITH
## DEFENDANT KUTZTOWN UNIVERSITY
### [Against Aramark and all Individual Defendants]

54.    Plaintiff incorporates by reference paragraphs set forth hereinabove as if fully set forth in herein.

55.    The actions of the Defendants named in this Count were intended to interfere with Plaintiff's contract with the University to attend as student for a full four years and gain an appropriate education.

**COUNT V**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**[Against All Defendants]**

56.    Plaintiff incorporates by reference paragraphs set forth hereinabove as if fully set forth in herein.

57.    Defendants' conduct was all extreme and outrageous and shocks the moral conscience.

58    Defendants engaged in this outrageous conduct with the intent of causing emotional distress to Plaintiff, or in reckless disregard of the probability of causing emotional distress to Plaintiff.

59.    As a direct result of Defendants' conduct, Plaintiff has suffered and will continue to suffer severe damages, including past and future loss of compensation, physical injuries, extreme mental anguish, severe anxiety, personal humiliation, painful embarrassment, disruption of her personal life, and loss of enjoyment of the ordinary pleasures of everyday life.

60.    Defendants' conduct was willful, wanton, outrageous and done with a reckless disregard of the rights of Plaintiff and warrants an award of punitive damages against Aramark and the individual defendants.

**COUNT VI**
**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**
**[Against All Defendants]**

61.    Plaintiff incorporates by reference paragraphs set forth hereinabove

as if fully set forth in herein.

62.     Defendants engaged in this conduct negligently causing emotional distress to Plaintiff in reckless disregard of the probability of causing emotional distress to Plaintiff.

63.     As a direct result of Defendants' conduct, Plaintiff has suffered and will continue to suffer severe damages, including past and future loss of compensation, physical injuries, extreme mental anguish, severe anxiety, personal humiliation, painful embarrassment, disruption of her personal life, and loss of enjoyment of the ordinary pleasures of everyday life.

64.     The actions of Aramark and the individual Defendants were willful, wanton, outrageous and done with a reckless disregard of the rights of Plaintiff and warrant an award of punitive damages.

## COUNT VII
## PROMISSORY ESTOPPEL
### [Against Defendant Kutztown University]

65.     Plaintiff incorporates by reference paragraphs set forth hereinabove as if fully set forth in herein.

66.     In Pennsylvania, a claim for promissory estoppel requires three elements: (1) "the promisor made a promise that he should have reasonably expected to induce action or forbearance on the part of the promisee"; (2) the promisee took action or refrained from action in reliance on the promise; and (3) enforcing the promise is the only way to avoid injustice.

67.     As described more fully above, Defendant Kutztown University, for its own benefit and on its own behalf made implied promises and assurances to

Plaintiff that she would be provided a safe and unbiased environment while attending and living on the premises of its campus.

68.    Plaintiff reasonably relied upon these representations and assurances, to her emotional and economic detriment.

69.    In accordance with the principles of Pennsylvania law, enforcing Defendants' promises and paying Plaintiff what she is owed is the only way to prevent an injustice to her.

**COUNT VIII**
**CONSPIRACY TO VIOLATE CONSTITUTIONAL RIGHTS, 42 U.S.C. §1983**
**[Against Aramark and all individual Defendants]**

70.    Plaintiff incorporates by reference paragraphs set forth hereinabove as if fully set forth in herein.

71.    The actions taken by the Defendants named in the Count were the result of and taken in furtherance of a conspiracy to violate Plaintiff's rights under the United States Constitution to be free of actions taken against her because of religious expression.

WHEREFORE. Plaintiff demands judgment against the several defendants named herein, jointly and severally as permitted under the several counts set forth above, including compensatory, consequential and punitive damages (where the latter is appropriate), attorneys' fees and the costs of litigation.

**SPECTOR GADON ROSEN VINCI P.C.**


By: /s/ *Alan B. Epstein*

Alan B. Epstein, Esquire
Johan Ashrafzadeh-Kian, Esquire
Pa. Atty. I.D. Nos. 2346/314994
1635 Market Street Seventh Floor
Philadelphia, PA  19103
(215) 241-8888
*aepstein@sgrvlaw.com*
*jkian@sgrvlaw.com*


*Attorneys for Plaintiff,*
*Cassidy Pyser*

17

# Exhibit "A"



JUL 24, 2016 AT 5:16 PM





JUL 24, 2016 AT 5:26 PM

Pyser v. Kutztown 000040

# ripstick

  

AUG 20 AT 5:55 PM

## How to pick up Jewish chicks





AUG 22 AT 9:06 AM

Erin

AUG 22 AT 12:40 PM



## Moving in on Wednesday

 Ok

**ripstick**   

How to protect your watermelon farm





Erin this racist shit needs to stop



???

The Jewish joke you sent me the other day really upset me

Pyser v. Kutztown 000042

## CERTIFICATE OF SERVICE

I, Alan B. Epstein, Esquire certify that the forgoing Civil Action Complaint has been filed and sent to all registered Counsel for Kutztown University and Aramark Educational Services, LLC. I further certify that a copy of the foregoing Amended Complaint will be served on all other Defendants who are not yet represented but have been served with the original Complaint filed in the Philadelphia Court of Common Pleas and on counsel for their Aramark Educational Services, LLC employer pursuant to the applicable Rules of Civil Procedure.

/s/ *Alan B. Epstein*
Alan B. Epstein, Esquire

**MARSHALL DENNEHEY**
**WARNER COLEMAN & GOGGIN**

By:    Jason Banonis, Esquire
ID. No.:  85115
4905 W. Tilghman Street, Ste 300
Allentown, PA 18104
Phone: 484-895-2338
Fax: 484-895-2303

Attorney for Defendant
Aramark Educational Services, LLC
(misidentified in plaintiff's Writ of
Summons as "Aramark Food and
Support Services, Inc.")

---

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CASSIDY PYSER          : | |
|         Plaintiff     : | |
|    v.              : | |
|                  : | No: 5:19-CV-05581-JLS |

KUTZTOWN UNIVERSITY OF                :
PENNSYLVANIA                                    :
    And                                          :
ARAMARK FOOD AND SUPPORT       :
SERVICES GROUP, INC.                      :
    And                                          :
Melissa Vanderpool,                              :
Desiree Reasoner,                                :
Jesus Pena, and                                  :
Unidentified John Doe Campus Security   :
Police Officers, All acting in their           :
Individual capacities                             :
c/o Kutztown University                        :
    and                                          :
Paul Mack and                                    :
Christopher Wallace                             :
c/o Aramark Food and Support Service   :
Group, Inc.                                         :
           Defendants   :       JURY TRIAL DEMANDED

## CERTIFICATION OF SERVICE

I hereby certify that I have served upon all persons listed below a true and correct copy of

Motion of Defendant Aramark Educational Services, LLC, for Dismissal Pursuant to F.R.C.P.

12(b)(6) and Memorandum of Law in support thereof in the above-captioned matter this date by

regular mail and/or electronic filing.

Alan B. Epstein, Esquire
Johan A. Ashrafzadeh-Kian, Esquire
SPECTOR GADON & ROSEN, P.C.
1635 Market Street, 7th Floor
Philadelphia, PA 19103
Email: aepstein@lawsgr.com; jkian@lawsgr.com
*Attorney for Plaintiff, Cassidy Pyser*

Kevin R. Bradford, Esquire
Senior Deputy Attorney General
Office of Attorney General
1600 Arch Street, Suite 300
Philadelphia, PA 19103
Email: kbradford@attorneygeneral.gov
*Attorney for Defendant, Kutztown University of Pennsylvania*

MARSHALL DENNEHEY
WARNER COLEMAN & GOGGIN

BY: *Jason Banonis*
Jason Banonis, Esquire
Attorney for Defendant

DATE: 1/17/2020

**MARSHALL DENNEHEY**
**WARNER COLEMAN & GOGGIN**
By:     Jason Banonis, Esquire
ID. No.: 85115
4905 W. Tilghman Street, Ste 300
Allentown, PA 18104
Phone: 484-895-2338
Fax: 484-895-2303

Attorney for Defendant
Aramark Educational Services, LLC
(misidentified in plaintiff's Writ of
Summons as "Aramark Food and
Support Services, Inc.")

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CASSIDY PYSER | : | |
| Plaintiff | : | |
| v. | : | No. 5:19-cv-05581-JLS |
| | : | |
| KUTZTOWN UNIVERSITY OF | : | |
| PENNSYLVANIA | : | |
| And | : | |
| ARAMARK FOOD AND SUPPORT | : | |
| SERVICES GROUP, INC. | : | |
| And | : | |
| MELISSA VANDERPOOL, | : | |
| DESIREE REASONER, | : | |
| JESUS PENA, AND | : | |
| UNIDENTIFIED JOHN DOE CAMPUS | : | |
| SECURITY POLICE OFFICERS, ALL | : | |
| ACTING IN THEIR INDIVIDUAL | : | |
| CAPACITIES c/o KUTZTOWN | : | |
| UNIVERSITY, | : | |
| And | : | |
| PAUL MACK AND | : | |
| CHRISTOPHER WALLACE c/o | : | |
| ARAMARK FOOD AND SUPPORT | : | |
| SERVICE GROUP, INC. | : | |
| Defendants | : | JURY TRIAL DEMANDED |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF
DEFENDANT ARAMARK EDUCATIONAL SERVICES, LLC, FOR
DISMISSAL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

Defendant Aramark Educational Services, LLC, (misidentified in Plaintiff's Complaint as

"Aramark Food and Support Services, Inc.") ("Aramark") submits this Memorandum of Law in

1

Support of Defendant's Motion to Dismiss Plaintiff's Amended Complaint, pursuant to Rules 12(b)(6) and Rule 9(b) of the Federal Rules of Civil Procedure.

## INTRODUCTION

Plaintiff filed an Amended Complaint, again alleging that while a student at Co-Defendant Kutztown University ("Kutztown"), she experienced religious discrimination, racism and bigotry in violation of 42 U.S.C. 1983. *See* plaintiff's Amended Complaint, attached to Defendant's Motion as Exhibit "A". Ms. Pyser's factual allegations as to Aramark remain unchanged -- in January, 2017, while attempting to eat at one of the assigned University dining halls, she was confronted and refused service by a former roommate who held a student job as a cafeteria food service worker of Aramark. *Id.* at ¶38 [misnumbered in plaintiff's Amended Complaint as paragraph "32"].

The Amended Complaint differs slightly from the original Complaint in that plaintiff amended paragraph 16 to now say that Aramark's provision of food and dining services to students at the University dining halls is a function traditionally provided by a government actor. *Id* at ¶16. Regardless, the claims as to Aramark still fail as a matter of law because the allegations remain insufficient to consider Aramark a state actor and/or acting under the color of state law. Furthermore, there is no evidence of "deliberate indifference" by Aramark officials nor, for that matter, any evidence that Aramark was aware of, encouraged, or was personally involved in the incident which is the subject matter of Plaintiff's Complaint. *Parratt v. Taylor*, 451 U.S. 527 (1981).

Plaintiff's Amended Complaint again purports to assert causes of actions under 42 U.S.C §1983. Specifically, plaintiff alleges that Aramark conspired to violate her constitutional rights to be free of actions taken against her because of religious expression. *See* Exhibit "A".

2

Plaintiff's Amended Complaint also contains the same various state law causes of actions as to Aramark including: tortious interference with implied contract, intentional infliction of emotional distress and negligent infliction of emotional distress. *Id.* For the following reasons, as to Aramark, Plaintiff's claims should be swiftly disposed.

## FACTS

On November 12, 2019, Plaintiff filed this action in the Court of Common Pleas of Philadelphia alleging violations of 42 U.S.C. §1983. As to Aramark, she claims that in January, 2017, while attempting to eat at one of the assigned University dining halls, she was confronted and refused service by a former roommate who held a student job as a cafeteria food service worker of Aramark. The claims against Kutztown University are couched as breach of contract, fraud in the inducement, violations of the Pennsylvania Constitution and promissory estoppel. She also alleges against both the University and Aramark tortious interference with her implied contract with the University. She further claims intentional infliction of emotional distress and negligent infliction of emotional distress against all defendants.

Defendants previously filed a Joint Notice of Removal to the United States District Court for the Eastern District of Pennsylvania based on Count VIII of the Complaint raising claims under a federal statute.

## STANDARD OF REVIEW

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12 (b) (6) "tests the sufficiency of the allegations contained in the complaint." *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3rd Cir. 1983); *see generally Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Jenkins v. McKiethen*, 395 U.S. 411, 421-22 (1969). When deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b) (6), the Court may look only to the facts alleged in the

3

complaint and its attachments. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250,

1261 (3d Cir. 1994). The Court must accept as true all well pled allegations in the complaint and

view them in the light most favorable to the plaintiff. *Angelastro v. Prudential-Bache Sec., Inc.*,

764 F.2d 939, 944 (3d Cir. 1985). A Rule 12(b) (6) motion will be granted only when it is

certain that no relief could be granted under any set of facts that could be proven by the plaintiff.

*Ransom v. Marrazzo*, 848 F.2d 398, 401 (3d Cir. 1988). However, this Court does not have to

accept every allegation in Plaintiffs' Complaint as true. "Conclusory allegations of law,

unsupported conclusions and unwarranted inferences need not be accepted as true." *Flanagan v.

Shively*, 783 F. Supp. 922, 927 (M.D. Pa. 1992). Here, Plaintiff has failed to clearly allege facts

necessary to establish a claim against moving defendant Aramark.

## LEGAL ARGUMENT

### A.     Defendant Aramark Is Entitled To Judgment in Its Favor on Plaintiff's Claims Under 42 U.S.C. §1983 Because It Is Not A State Actor

Plaintiff's Amended Complaint purports to state a claim for violation of her civil and

constitutional rights. Plaintiff specifically alleges that Defendants violated rights under the

United States Constitution to be free of actions taken against her because of religious expression.

The Amended Complaint, however, again fails to demonstrate that Aramark, as a private

company, is a state actor, acting under color of state law.

The United States Supreme Court has held that 42 U.S.C §1983 "is not itself a source of

substantive rights, but merely provides a method of vindicating federal rights elsewhere

conferred. *Albright v. Oliver*, 510 U.S. 266, 271, 114 S. Ct. 807, 127 L.Ed.2d 114 (1994)

(quoting *Baker v. McCollan*, 443 U.S. 137, 144, n. 3, 99 S. Ct. 2689, 61 L.Ed. 2d 433 (1979)).

To properly state a Section 1983 claim, a plaintiff must allege a deprivation of a right guaranteed

by the Constitution or the laws of the United States by a defendant acting under color of law. *Tunstall v Office of Judicial Support of Court of Common Pleas*, 820 F. 2d 631, 633 (3d Cir. 1987) (citing *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155, 98 S.Ct. 1729, 56 L.Ed. 2d 185 (1978)). As such, there are two essential elements necessary to state a claim under 42 U.S.C. §1983 -- a plaintiff must demonstrate: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of rights, privileges or immunities secured by the Constitution or law of the United States. *Gavenas v. Kurtz*, 1999 U.S. Dist. Lexis 13392 (E.D. Pa. 1999); *Johnson v. Desmond*, 441 Pa. Super. 632, 658 A.2d 375 (1995), appeal denied, 543 Pa. 713, 672 A.2d 308 (1995).

The "under the color of state law" element is a prerequisite of a *prima facie* case. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254-55, 101 L. Ed. 2d 40, 48 (1988)). As such, plaintiff bears the burden of proving the existence of this *prima facie* element. *Id.* "The color of state law element is a threshold issue; there is no liability under §1983 for those not acting under color of state law." *Versarge v. Township of Clinton, N.J.*, 984 F. 2d 1359, 1363 (3rd Cir. 1993).

Although a private [party] may cause a deprivation of a right, [it] may be subjected to liability under §1983 only when [it] does so under the color of law. *Flagg Bros., Inc., supra.* The requirement that the challenged activity under §1983 be done "under color of law" is synonymous with the "state action" requirement of the Fifth and Fourteenth Amendments. *Imperiale v. Hahnemann Univ.*, 776 F. Supp. 189 (E.D. Pa. 1991), aff'd, 966 F.2d 125 (3rd Cir. 1992); *United States v. Classic*, 313 U.S. 299 (1941) (plaintiff is required to establish that defendants misused their official power). The mere fact that a business is subject to state regulation does not by itself convert its action into that of the state for the purposes of the Fourteenth amendment. *Blum v. Yaretsky*, 457 U.S. at 1004, 102 S.Ct. at 2786. The state action

5

principle requires an inquiry into whether there is a sufficiently close nexus between the State

and the challenged action of [ARAMARK] so that their actions may be fairly treated as that of

the State itself. *Mark v. Borough of Hatboro*, 856 F. Supp. 966, affirmed by 51 F. 2d 1137, 1995

U.S. App. LEXIS 6620 (3rd Cir. Pa. 1995) (citing *Blum v. Yaretsky*, 457 U.S. at 1004, 102 S.Ct.

at 2786). In short, § 1983 was not enacted to enable injured plaintiffs to federalize their state

common law tort claims. *American Manufacturers v. Sullivan*, 526 U.S. 40 at 50, 119 S. Ct. 977

(1999) (§1983 does not provide a legal remedy for alleged discriminatory private conduct);

*Center For Bio-Ethical Reform v. Comcast-Spectator, Inc*, 1999 U.S. Dst. LEXIS 12332 (E.D.

Pa. 1999); *see also Imperiale*, supra (concluding that the only claims properly asserted were

state law claims, which were not actionable under §1983). Further, the statute was not intended

to permit plaintiffs to sue private parties for their independent professional decisions. *See*

*American Manufacturers*, 526 U.S. at 50-52 (the decision of a private workers' compensation

insurer was not state action because the conduct of withholding benefits was a decision made by

a private party); Blum, 457 U.S. at 1004 (a private nursing home was not a state actor because

the decision to transfer Medicaid patients to a lower level of care was made by its physicians

based upon their own independent judgment); *see also McClain v. AEMC*, 1995 U.S. Dist. Lexis

10996 (E.D. Pa. 1995) (the involuntary commitment of the mentally ill to a private hospital,

under the Mental Health Procedures Act, was not a function compelled by the state). As such,

any alleged actions taken by a private for-profit corporation and/or its individual employees are

not actionable under §1983.

The United States Supreme Court has established three "tests" by which to determine

whether a defendant is acting under the color of State law. As set forth below, Aramark does not

meet the criteria for any of those tests and, therefore, plaintiff does not have a cognizable claim under §1983.

### 1.   Aramark Is Not A State Actor Under the "Traditional Exclusive Government Function" Test

Under the "traditional exclusive governmental" function test, the relevant inquiry "is not simply whether a private group is serving a 'public function', [but] whether the function performed has been 'traditionally the exclusive prerogative of the State.'" *Rendell-Baker v. Kohn*, 457 U.S. 830, 842 (1982). While the government is involved in many types of activities, very few fall within its exclusive preserve. *Perkins v. Londonderry Basketball Club*, 196 F.3d 13 (1st Cir. 1999).

> The First Circuit Court of Appeals noted in Perkins that:
>
>> "[T]o date, the short list of activities that have been held to satisfy this demanding criterion includes 'the administration of elections, eminent domain, peremptory challenges in jury selection, and, in at least limited circumstances, the operation of a municipal park.'"

*See Perkins*, 196 F.3d at 19. Due to the limited types of activities that fall within a State's exclusive preserve, the Supreme Court has rarely found the "exclusivity" aspect of this test to be met. *See* Mark, 51 F.3d at 1142.

Here, Plaintiff has not set forth a scintilla of evidence – other than a boilerplate allegation -- that the provision of food and dining services is a "traditional exclusive government function". Such dining services are not typically reserved to the State nor are such actions traditionally a State action. Furthermore, the provision of food and dining services is not designed to convey State authority to any person and/or parties. These services are not "traditional exclusive state functions," or within the exclusive prerogative of the State.

7

Following plaintiff's bare allegation and logic to the extreme, the stifling effect on the nature and quality of services available from third parties will be profound. Every contractor who provides *any* type of service at a State University campus is a governmental actor for all purposes and, therefore, potentially liable under 1983. Contractors will be wary of the potential burden of 1983 liability. The University's contractual relationships with those service providers and the operating budget of the State will drastically increase due to lack of interest and higher costs. All of this has a profound chilling effect on a higher education system already burdened by mounting costs and decreasing enrollment.

Very simply, Aramark's function in providing food services, just as any other services, is not traditionally the exclusive prerogative of the state. There is nothing uniquely governmental or exclusive about food services. Students are free to purchase a meal plan but they are not required to do so as part of their State University education. Many students, in fact, forego a campus dining plan and instead partake in other off- campus dining options. Plaintiff, therefore, cannot establish that Aramark is a state actors under this test.

### 2.    Aramark is Not A State Actors Under The Symbiotic Relationship Test

The "symbiotic relationship" test examines the relationship between the State and the alleged wrongdoer to discern whether there is a great degree of interdependence between the two. Under this test, a private party will be deemed a state actor if "the State has so far insinuated itself into a position of interdependence [with the private party] that it must be recognized as a joint participant in the challenged activity, which, on that account, cannot be considered to have been so purely private' as to fall without the scope of the Fourteenth Amendment." *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 725, 81 S. Ct. 856 (1961),

*Klavan*, 60 F. Supp. 2d at 441-442   More importantly, State regulation is not enough to render the actions of an institution state action, even if the regulation is pervasive, extensive, and detailed.   *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 358-59 (1974);   *Moose Lodge No. 107 v. Irvis*, 407 U.S. 163, 176-77, 32 L. Ed. 2d 627, 92 S. Ct. 1965 (1972).   Nor will extensive financial assistance constitute state action.   *See, e.g., Rendell-Baker*, 457 U.S. at 840-43; *Hodge v. Paoli Mem. Hosp.*, 576 F.2d 563   (3d Cir. 1978) *(per curiam)*.

Though the Amended Complaint does not allege any facts upon which a finding of symbiotic relationship between the State and Aramark exists, plaintiff's silence on this issue further exposes the weakness of plaintiff's "Traditional Exclusive Government Function" argument.  Aramark again is a public, for-profit corporation.  It is not a State or County Agency. Its officers and directors are not appointed by the State or the County, but rather elected by the corporation.  Neither the State nor the County has control over its operations or assets. Furthermore, the Aramark adopts its own by-laws and manages its own affairs.  Plaintiff will be unable to establish any facts that would establish state action under the Burton test.  As such, plaintiff cannot sustain a Section 1983 Action under the "symbiotic relationship" test.

### 3.    Aramark Is Not A State Actor Under The "Close Nexus Test"

The "close nexus" approach attempts to determine to determine whether the state can be deemed responsible for the specific conduct of which the Plaintiff complains.   *Community Medical Center v. Emergency Medical Services of Northeastern Pennsylvania, Inc.*, 712 F.2d 878, 881 (3d Cir. 1983).  Under the "close nexus" test, the inquiry is "whether there is a sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself."  *Jackson*, 419 U.S. at 351; *see also American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 119 S. Ct. 977, 986 (1999)

9

("Whether . . . a [sufficiently] close nexus exists . . . depends on whether the State has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State." (internal quotation omitted)). *Klavan v. Crozer-Chester Med. Ctr.*, 60 F. Supp. 2d 436, 441 (E.D. Pa. 1999).

In addition, actions private entities take with the mere approval or acquiescence of the state are not state actions under this test; nor is a state's mere regulation of a private actor enough to establish "state action." *Klavan*, 60 F. Supp. 2d at 442. Similarly, extensive regulation of a private actor is not sufficient to establish state action, even when the private actor is required to comply with the state's extensive general requirements and specifications. *Rendell-Baker*, 457 U.S. 830, 842 (1982); *Blum v. Yaretsky*, 457 U.S. at 1004, 102 S.Ct. at 2786. Rather, what is required is that the state coerces or encourages a private party to act in a manner that violates the plaintiff's constitutional rights. *Id.*

In the Amended Complaint, Plaintiff still does not allege any facts from which it could be found that Aramark had a "close nexus" with the State or the Commonwealth. Plaintiff merely alleges that defendant was acting under the color of state law because it complied with its contract. Mere compliance is not sufficient to establish that defendant was a state actor. *Bodor v. Horsham Clinic, Inc.*, 1995 U.S. Dist. LEXIS 10006  (1995)(dismissing plaintiff's §1983 claims against a clinic following an involuntary admission to a facility for psychiatry care, holding that compliance with state law does not create a sufficiently close nexus between state and a private actor. Furthermore, plaintiff's allegations that moving defendant Aramark was acting under the color of state law is factually unsupported.

Plaintiff alleges that defendant Aramark merely provided food and dining services on a college campus. *See* Exhibit "A", at ⁋16. Plaintiff further alleges that after a pattern of

discriminatory conduct by a former roommate reported to Kutztown, she attempted to eat at one

of the dining halls in January 2017, and was confronted and refused service by the former

roommate employed as a food server by Aramark. *Id.* at ¶38 [misnumbered in plaintiff's

Amended Complaint as paragraph "32"]. Plaintiff's claims that Aramark was acting under the

color of state law is utterly devoid of substantive basis. Plaintiff's allegations against Aramark

really amount to nothing more than the garden variety negligence by a student-foodserver, as

there is no state action under the symbiotic test. For the above-mentioned reasons, Moving

Defendant Aramark cannot be deemed a state actor and, therefore, plaintiff's § 1983 claims

should be dismissed.

**B.      Defendant Aramark Is Entitled to a Judgment In Its Favor As To Any Negligent Supervision Claims Under 42 U.S.C. §1983 Because It Is Not A State Actor**

Defendant Aramark is a private actor and not a state actor and, as such, is beyond the

reach of §1983. Accordingly, there is no legal basis for any negligent supervision claims under

§1983.

The Amended Complaint again merely asserts a negligence claim under the theory of

*respondeat superior* or vicarious liability which is not actionable under §1983. *City of Canton v.*

*Harris*, 489 U.S. 378, 385, 109 S. Ct. 1197, 103 L. Ed.2d 412 (1989) (citing *Monell v. New York*

*City Dept. of Social Services*, 436 U.S. 658, 694, 95 S.Ct. 2018, 56 L.Ed.2d 611 (1978)).

Moreover, other than in the broadest of terms, plaintiff fails to assert facts demonstrating the

existence of a "policy" or "custom" by Aramark which was the moving force behind the alleged

constitutional violation or that the failure to train its employees reflect a deliberate indifference

to plaintiff's rights. *See, Canton*, 489 U.S. 378, 388-392, 109 S. Ct. 1197, 103 L. Ed.2d 412

(1989). Plaintiff does not allege that Aramark had any personal involvement with the alleged

11

harm and the doctrine of Respondeat Superior is not applicable to suits filed pursuant to section

1983. *Guillory v. County of Orange*, 731 F.2d 1379 (9th Cir. 1984). *See also Duckworth v.*

*Franzen*, 780 F.2d 645 (7th Cir. 1985). Simply put, Aramark is beyond the reach of Section

1983 liability. There is no legal basis for Plaintiff's claims under Section 1983 and Plaintiff's

Complaint should be dismissed in its entirety. *See Iqbal*, 129 S.Ct. at 1952 (dismissing a

plaintiff's claim against a moving defendant for failure to establish the moving defendant's

involvement in the alleged constitutional violation). Accordingly, Defendant Aramark is entitled

to judgment in its favor and plaintiff's §1983 claims should be dismissed.

 **C.**  **Defendant Aramark Is Entitled to Judgment In Its Favor With Regard To Plaintiff's Claims As It Is Not A State Actor And There Was No Deprivation of A Constitutionally Protected Right**

 In her Amended Complaint, Plaintiff again alleges that Defendants violated her rights

under the United States Constitution to be free of actions taken against her because of religious

expression. *See* Exhibit "A", ¶78 [misnumbered in plaintiff's Amended Complaint as paragraph

"71"]. As previously stated, the requirement that the challenged activity under §1983 be done

"under color of law" is synonymous with the "state action" requirement of the Constitution.

*Camara v. Municipal Court of San Francisco*, 387 U.S. 523, 528 (1967); *Delaware v. Prouse*,

440 U.S. 648, 653-54 (1979); *Imperiale v. Hahnemann Univ.*, 776 F. Supp. 189 (E.D. Pa. 1991),

aff'd, 966 F.2d 125 (3rd Cir. 1992); *United States v. Classic*, 313 U.S. 299 (1941) (plaintiff is

required to establish that defendant misused their official power). As Defendant Aramark is a

private actor and not a state actor, plaintiff's claims must fail. In order to prevail, Plaintiff must

establish the exact contours of the underlying right; which, in this instant is a constitutionally

protected right to food service. *James Van Patten v. The City of Binghamton*, 137 F. Supp.2d 98,

2001 U.S. Dist. LEXIS 4878 (2001) (*citing McMenemy v. City of Rochester*, 241 F.3d 279, 2001

WL 306436 (2d Cir. 2001)); *County of Sacramento v. Lewis*, 523 U.S. 833, 842, n. 5, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998).

## CONCLUSION

For the foregoing reasons, Defendant Aramark respectfully requests that this Honorable Court grant its Motion and enter the attached Order.

Respectfully submitted,

MARSHA DENNEHEY
WARNER COLEMAN & GOGGIN

BY: *Jason Banonis*

Jason Banonis, Esquire
Attorney for Defendant
Aramark Educational Services, LLC

13