**MARSHALL DENNEHEY**
**WARNER COLEMAN & GOGGIN**
By:    Jason Banonis, Esquire
ID. No.: 85115
4905 W. Tilghman Street, Ste 300
Allentown, PA 18104
Phone: 484-895-2338
Fax: 484-895-2303

Attorney for Defendants
Aramark Educational Services, LLC
(misidentified in plaintiff's Writ of
Summons as "Aramark Food and
Support Services, Inc."), Paul Mack and
Christopher Wallace

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CASSIDY PYSER<br>　　　　　　Plaintiff<br>v.<br><br>KUTZTOWN UNIVERSITY OF<br>PENNSYLVANIA<br>　　And<br>ARAMARK FOOD AND SUPPORT<br>SERVICES GROUP, INC.<br>　　And<br>MELISSA VANDERPOOL,<br>DESIREE REASONER,<br>JESUS PENA, AND<br>UNIDENTIFIED JOHN DOE CAMPUS<br>SECURITY POLICE OFFICERS, ALL<br>ACTING IN THEIR INDIVIDUAL<br>CAPACITIES c/o KUTZTOWN<br>UNIVERSITY,<br>　　And<br>PAUL MACK AND<br>CHRISTOPHER WALLACE c/o<br>ARAMARK FOOD AND SUPPORT<br>SERVICE GROUP, INC.<br>　　　　　　Defendants | No. 5:19-cv-05581-JLS<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>JURY TRIAL DEMANDED |

**MOTION OF DEFENDANTS PAUL MACK AND CHRISTOPHER WALLACE FOR DISMISSAL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants Paul Mack and Christopher Wallace hereby move this Honorable Court for dismissal of Plaintiff's claims against them and, in support thereof, aver as follows:

1. Plaintiff's claims against Defendants Paul Mack and Christopher Wallace are barred by the two year statute of limitations; Plaintiff's claims against Messrs. Mack and Wallace also fail as a matter of law because the allegations are insufficient to consider Messrs. Mack and/or Wallace as state actors and/or acting under the color of state law.

2. Plaintiff initiated this lawsuit over a year ago, on November 27, 2018, in the Court of Common Pleas of Philadelphia County by filing a Writ of Summons against Kutztown University ("Kutztown") and Aramark Educational Services, LLC (misidentified in plaintiff's Writ at "Aramark Food and Support Services, Inc.") as the only defendants ("Aramark"); plaintiff's Writ of Summons did not name Paul Mack and/or Christopher Wallace as defendants. *See* plaintiff's Writ of Summons, attached as Exhibit "A".

3. On September 30, 2019, the Court of Common Pleas entered a judgment of Non-Pros against plaintiff for failure to file a Complaint. *See* Court of Common Pleas of Philadelphia County docket, attached as Exhibit "B".

4. On November 4, 2019, the Court of Common Pleas granted plaintiff's Petition to Open Judgment of Non-Pros. *Id.*

5. After plaintiff had the Summons reissued multiple times, on November 12, 2019, plaintiff filed a Complaint[1] again naming Kutztown and Aramark and, for the first time, various employees of Kutztown and Aramark not named in the Summons, including Messrs. Mack and Wallace who are parties to this motion. *See* plaintiff's Complaint, attached as Exhibit "C".

6. On or about November 12, 2019, defendants Kutztown and Aramark accepted service of the Complaint; defendants Kutztown and Aramark jointly removed this matter to this Honorable Court's original jurisdiction, pursuant to 28 U.S.C. §§1331, 1343 and 1441.

---

[1] Plaintiff alleges that while a student at Co-Defendant Kutztown University ("Kutztown"), she experienced religious discrimination, racism and bigotry in violation of 42 U.S.C. 1983. *See* Exhibit "B", generally.

7.  In response to 12(b)(6) motions from both Kutztown and Aramark, plaintiff filed an Amended Complaint[2]; aside from adding an allegation that Aramark's provision of food and dining services to students at the University dining halls somehow is a function traditionally provided by a government actor, plaintiff's Amended Complaint asserts the same claims against the same defendants. *See* plaintiff's Amended Complaint, attached as Exhibit "D".

8.  On or about January 17, 2020, the Sheriff of Berks County eventually served Messrs. Mack and Wallace who are parties to this motion.

9.  Ms. Pyser's sole factual allegations as to Aramark and its employees Messrs. Mack and Wallace remain unchanged -- in **January, 2017**, while attempting to eat at one of the assigned University dining halls, she was confronted and refused service by a former roommate who held a student job as a cafeteria food service worker of Aramark ("incident involving Aramark"). *See* Exhibit "C", at ¶32; *See also* Exhibit "D", at ¶38 [misnumbered in plaintiff's Amended Complaint as paragraph "32"].

10. The incident involving Aramark occurred sometime in January, 2017. *Id.*

11. The Writ of Summons filed in November 2018 does not identify Messrs. Mack and/or Wallace. *See* Exhibit "A", generally.

12. In November 2019, ten months *after* the expiration of the statute of limitations, upon filing the Complaint, plaintiff named Messrs. Mack and Wallace as defendants. *See* Exhibit "C".

---

[2] Plaintiff's allegations of discrimination, racism and bigotry and violation of 42 U.S.C. 1983 remain unchanged. *See and compare* Exhibits "B" and "C", generally.

13. At no time prior to filing the Complaint (after expiration of the two-year statute of limitations), did plaintiff ever seek or obtain permission from the Court for leave to amend the Writ or Complaint to name Messrs. Mack and/or Wallace as defendants. *See* Exhibit "B".

**ARGUMENT**

    **A.    Plaintiff's Claims Against The Individual Aramark Defendants Are Barred by The Two-Year Statute of Limitations**

14. Plaintiff failed to name Messrs. Mack and/or Wallace as parties until after expiration of the two year statute of limitations.

15. A limitations defense is an affirmative defense that may be raised by way of a Rule 12(b)(6) motion if 'the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations.'" *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (quoting Robinson v. Johnson, 313 F.3d 128, 134 35 (3d Cir.2002)).

16. "In determining the length of the statute of limitations for a claim arising under §1983, courts must apply the limitations period applicable to personal-injury torts in the State in which the cause of action arose." *Estate of Lagano v. Bergen Cty. Prosecutor's Office*, 769 F.3d 850, 859 (3d Cir. 2014) (citing *Wallace v. Kato*, 549 U.S. 384, 387 (2007)).

17. The Commonwealth of Pennsylvania has statutorily provided that claims of personal injury are subject to a two-year statute of limitations, and all claims for any injuries resulting from an incident causing personal injury must be brought within two years of the date on which the alleged injury occurred. 42 Pa.C.S. § 5524.

18. The relevant Pennsylvania statute states: "The following actions and proceedings must be commenced within two years:

> (2) An action to recover damages for injuries to the person or for the death of an individual caused by wrongful act or neglect or unlawful violence or negligence of another.

> (3) An action for taking, detaining or injuring personal property, including actions for specific recovery thereof.
>
> (7) Any other action or proceeding to recover damages for injury to person or property which is founded on negligent, intentional, or otherwise tortious conduct or any other action or proceeding sounding in trespass, including deceit or fraud, except an action or proceeding subject to another limitation specified in this subchapter.

42 Pa.C.S. § 5524(2)(3) and (7).

19. The claimed date of injury is January 2017 – for plaintiff to comply with the Pennsylvania Statute of Limitations controlling personal injury claims stemming from alleged negligence, plaintiff needed to name Messrs. Mack and/or Wallace in a Writ or Complaint filed on or before January 2019. *Id.*

20. Instead, on November 12, 2019, ten months after expiration of the two-year statute of limitations, and without permission or approval from the Court, plaintiff unilaterally named Messrs. Mack and Wallace as defendants in her Complaint and again later in her Amended Complaint.

21. "The statute of limitations begins to run as soon as the right to institute and maintain a suit arises; lack of knowledge, mistake or misunderstanding does not toll the running of the statute of limitations." *Dalrymple v. Brown*, 701 A.2d 164, 167 (Pa. 1997) (citations omitted).

22. Given the claimed injury date of January 2017, any claims for personal injury resulting from the alleged incidents of that date would not be considered timely under the applicable Statute of Limitations if filed after January 2019. 42 Pa.C.S. § 5524(2).

23.     Further, "[i]t has long been the law in Pennsylvania that where a statute fixes a time within which an act must be accomplished, courts do not have the power to extend it or allow the act to be done at a later date." *Id.*, at 76 (citing *Wise v. Cambridge Springs*, 104 A. 863 (Pa. 1918).

24.     Because Plaintiff cannot maintain her claims against Messrs. Mack and Wallace for her failure to comply with the applicable statute of limitations, Plaintiff's claims against the individual Aramark Defendants must be dismissed with prejudice, as required by Pennsylvania statute and appellate case law.

WHEREFORE, Defendants Paul Mack and Christopher Wallace respectfully request that Plaintiff's Amended Complaint against them be dismissed with prejudice.

>                               Respectfully submitted,
>
>                               MARSHALL DENNEHEY
>                               WARNER COLEMAN & GOGGIN
>
>
>                         BY:   *Jason Banonis*
>                               Jason Banonis, Esquire
>                               Attorney for Defendants
>                               Aramark Educational Services, LLC,
>                               Paul Mack and Christopher Wallace

**MARSHALL DENNEHEY**
**WARNER COLEMAN & GOGGIN**
By:   Jason Banonis, Esquire
ID. No.: 85115
4905 W. Tilghman Street, Ste 300
Allentown, PA 18104
Phone: 484-895-2338
Fax: 484-895-2303

Attorney for Defendants
Aramark Educational Services, LLC
(misidentified in plaintiff's Writ of
Summons as "Aramark Food and
Support Services, Inc."), Paul Mack and
Christopher Wallace

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CASSIDY PYSER<br>        Plaintiff<br>v.<br><br>KUTZTOWN UNIVERSITY OF<br>PENNSYLVANIA<br>   And<br>ARAMARK FOOD AND SUPPORT<br>SERVICES GROUP, INC.<br>   And<br>MELISSA VANDERPOOL,<br>DESIREE REASONER,<br>JESUS PENA, AND<br>UNIDENTIFIED JOHN DOE CAMPUS<br>SECURITY POLICE OFFICERS, ALL<br>ACTING IN THEIR INDIVIDUAL<br>CAPACITIES c/o KUTZTOWN<br>UNIVERSITY,<br>   And<br>PAUL MACK AND<br>CHRISTOPHER WALLACE c/o<br>ARAMARK FOOD AND SUPPORT<br>SERVICE GROUP, INC.<br>        Defendants | No. 5:19-cv-05581-JLS<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>JURY TRIAL DEMANDED |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DEFENDANTS
PAUL MACK AND CHRISTOPHER WALLACE FOR
<u>DISMISSAL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)</u>**

1

Defendants Paul Mack and Christopher Wallace submit this Memorandum of Law in Support of Defendants' Motion to Dismiss Plaintiff's Amended Complaint, pursuant to Rules 12(b)(6) and Rule 9(b) of the Federal Rules of Civil Procedure.

## INTRODUCTION

Plaintiff filed an Amended Complaint, again alleging that while a student at Co-Defendant Kutztown University ("Kutztown"), she experienced religious discrimination, racism and bigotry in violation of 42 U.S.C. 1983. *See* plaintiff's Amended Complaint, attached to Defendants' Motion as Exhibit "D". Plaintiff's claims against Defendants Paul Mack and Christopher Wallace are barred by the two year statute of limitations; Plaintiff's claims against Messrs. Mack and Wallace also fail as a matter of law because the allegations are insufficient to consider Messrs. Mack and/or Wallace as state actors and/or acting under the color of state law.

## FACTS

Plaintiff initiated this lawsuit over a year ago, on November 27, 2018, in the Court of Common Pleas of Philadelphia County by filing a Writ of Summons against Kutztown University ("Kutztown") and Aramark Educational Services, LLC (misidentified in plaintiff's Writ at "Aramark Food and Support Services, Inc.") as the only defendants ("Aramark"); plaintiff's Writ of Summons did not name Paul Mack and/or Christopher Wallace as defendants. *See* plaintiff's Writ of Summons, attached as Exhibit "A".

On September 30, 2019, the Court of Common Pleas entered a judgment of Non-Pros against plaintiff for failure to file a Complaint. *See* Court of Common Pleas of Philadelphia County docket, attached as Exhibit "B". On November 4, 2019, the Court of Common Pleas granted plaintiff's Petition to Open Judgment of Non-Pros. *Id.*

2

After plaintiff had the Summons reissued multiple times, on November 12, 2019, plaintiff filed a Complaint[1] again naming Kutztown and Aramark and, for the first time, various employees of Kutztown and Aramark not named in the Summons, including Messrs. Mack and Wallace who are parties to this motion. *See* plaintiff's Complaint, attached as Exhibit "C". On or about November 12, 2019, defendants Kutztown and Aramark accepted service of the Complaint; defendants Kutztown and Aramark jointly removed this matter to this Honorable Court's original jurisdiction, pursuant to 28 U.S.C. §§1331, 1343 and 1441.

In response to 12(b)(6) motions from both Kutztown and Aramark, plaintiff filed an Amended Complaint[2]; aside from adding an allegation that Aramark's provision of food and dining services to students at the University dining halls somehow is a function traditionally provided by a government actor, plaintiff's Amended Complaint asserts the same claims against the same defendants. *See* plaintiff's Amended Complaint, attached as Exhibit "D". On or about January 17, 2020, the Sheriff of Berks County eventually served Messrs. Mack and Wallace who are parties to this motion.

Ms. Pyser's sole factual allegations as to Aramark and its employees Messrs. Mack and Wallace remain unchanged -- in **January, 2017**, while attempting to eat at one of the assigned University dining halls, she was confronted and refused service by a former roommate who held a student job as a cafeteria food service worker of Aramark ("incident involving Aramark"). *See* Exhibit "C", at ¶32; *See also* Exhibit "D", at ¶38 [misnumbered in plaintiff's Amended Complaint as paragraph "32"].

---

[1] Plaintiff alleges that while a student at Co-Defendant Kutztown University ("Kutztown"), she experienced religious discrimination, racism and bigotry in violation of 42 U.S.C. 1983. *See* Exhibit "B", generally.

[2] Plaintiff's allegations of discrimination, racism and bigotry and violation of 42 U.S.C. 1983 remain unchanged. *See and compare* Exhibits "B" and "C", generally.

The incident involving Aramark occurred sometime in January, 2017. *Id.* The Writ of Summons filed in November 2018 does not identify Messrs. Mack and/or Wallace. *See* Exhibit "A", generally. In November 2019, ten months *after* the expiration of the statute of limitations, upon filing the Complaint, plaintiff named Messrs. Mack and Wallace as defendants. *See* Exhibit "C". At no time prior to filing the Complaint (after expiration of the two-year statute of limitations), did plaintiff ever seek or obtain permission from the Court for leave to amend the Writ or Complaint to name Messrs. Mack and/or Wallace as defendants. *See* Exhibit "B".

## STANDARD OF REVIEW

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12 (b) (6) "tests the sufficiency of the allegations contained in the complaint." *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3rd Cir. 1983); *see generally Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Jenkins v. McKiethen*, 395 U.S. 411, 421-22 (1969). When deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b) (6), the Court may look only to the facts alleged in the complaint and its attachments. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). The Court must accept as true all well pled allegations in the complaint and view them in the light most favorable to the plaintiff. *Angelastro v. Prudential-Bache Sec., Inc.*, 764 F.2d 939, 944 (3d Cir. 1985). A Rule 12(b) (6) motion will be granted only when it is certain that no relief could be granted under any set of facts that could be proven by the plaintiff. *Ransom v. Marrazzo*, 848 F.2d 398, 401 (3d Cir. 1988). However, this Court does not have to accept every allegation in Plaintiffs' Complaint as true. "Conclusory allegations of law, unsupported conclusions and unwarranted inferences need not be accepted as true." *Flanagan v. Shively*, 783 F. Supp. 922, 927 (M.D. Pa. 1992). Here, Plaintiff has failed to clearly allege facts necessary to establish a claim against moving defendant Aramark.

4

## LEGAL ARGUMENT

### A. Plaintiff's Claims Against The Individual Aramark Defendants Are Barred by The Two-Year Statute of Limitations

Plaintiff failed to name Messrs. Mack and/or Wallace as parties until after expiration of the two year statute of limitations.

A limitations defense is an affirmative defense that may be raised by way of a Rule 12(b)(6) motion if 'the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations.'" *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (quoting Robinson v. Johnson, 313 F.3d 128, 134 35 (3d Cir.2002)). "In determining the length of the statute of limitations for a claim arising under §1983, courts must apply the limitations period applicable to personal-injury torts in the State in which the cause of action arose." *Estate of Lagano v. Bergen Cty. Prosecutor's Office*, 769 F.3d 850, 859 (3d Cir. 2014) (citing *Wallace v. Kato*, 549 U.S. 384, 387 (2007)).

The Commonwealth of Pennsylvania has statutorily provided that claims of personal injury are subject to a two-year statute of limitations, and all claims for any injuries resulting from an incident causing personal injury must be brought within two years of the date on which the alleged injury occurred. 42 Pa.C.S. § 5524. The relevant Pennsylvania statute states: "The following actions and proceedings must be commenced within two years:

> (2) An action to recover damages for injuries to the person or for the death of an individual caused by wrongful act or neglect or unlawful violence or negligence of another.
>
> (3) An action for taking, detaining or injuring personal property, including actions for specific recovery thereof.
>
> (7) Any other action or proceeding to recover damages for injury to person or property which is founded on negligent, intentional, or

>otherwise tortious conduct or any other action or proceeding sounding in trespass, including deceit or fraud, except an action or proceeding subject to another limitation specified in this subchapter.

42 Pa.C.S. § 5524(2)(3) and (7).

The claimed date of injury is January 2017 – for plaintiff to comply with the Pennsylvania Statute of Limitations controlling personal injury claims stemming from alleged negligence, plaintiff needed to name Messrs. Mack and/or Wallace in a Writ or Complaint filed on or before January 2019. *Id.* Instead, on November 12, 2019, ten months after expiration of the two-year statute of limitations, and without permission or approval from the Court, plaintiff unilaterally named Messrs. Mack and Wallace as defendants in her Complaint and again later in her Amended Complaint.

Accordingly the statute of limitations period for all of Plaintiff's claims is two years. *See Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009) (statute of limitations for § 1983 claims arising in Pennsylvania is two years) (citing 42 Pa.Cons.Stat. § 5524(2)); *Jarvis v. Analytical Lab. Servs., Inc.*, No. 12-0574, 2012 WL 1987532, at *4 (Plaintiff's intentional infliction of emotional distress and negligent infliction of emotional distress claims based on Pennsylvania law are all subject to Pennsylvania's two-year statute of limitations.) (M.D.Pa. June 4, 2012) (citing 42 Pa. Cons.Stat. § 5524(7)); *Elliott Reihner Siedzikowski & Egan, P.C. v. Pennsylvania Employees Ben. Tr. Fund*, 29 F. App'x 838, 842 (3d Cir. 2002) ("The statute of limitations in Pennsylvania for the tort of interference with contractual relations is two years") (*citing* 42 Pa. Cons.Stat. § 5524(3)).

"Federal law governs a cause of action's accrual date." Id. (citing *Genty v. Resolution Trust Corp.* 937 F.2d 899, 919 (3d Cir. 1991)). "The determination of time at which a claim accrues is an objective inquiry; we ask not what the plaintiff actually knew but what a reasonable

6

person should have known." Id. (citing Barren v. United States, 839 F.2d 987, 990 (3d Cir.1988). "As a general matter, a cause of action accrues at the time of the last event necessary to complete the tort, usually at the time the plaintiff suffers injury." Id. (citing United States v. Kubrick, 444 U.S. 111, 120 (1979)).  In other words, accrual occurs "when the plaintiff has 'a complete and present cause of action.'" Akrie v. City of Pittsburgh, No. 08-1636, 2009 WL 1765846, at *2 (W.D. Pa. June 22, 2009) (quoting Wallace, 549 U.S. at 388). "the cause of action accrues even though the full extent of the injury is not known or predictable." Kach, at 634-35 (quoting Wallace v. Kato, 549 U.S. 384, 391 (2007)).

"The statute of limitations begins to run as soon as the right to institute and maintain a suit arises; lack of knowledge, mistake or misunderstanding does not toll the running of the statute of limitations." *Dalrymple v. Brown*, 701 A.2d 164, 167 (Pa. 1997) (citations omitted). Given the claimed injury date of January 2017, any claims for personal injury resulting from the alleged incidents of that date would not be considered timely under the applicable Statute of Limitations if filed after January 2019. 42 Pa.C.S. § 5524(2). Further, "[i]t has long been the law in Pennsylvania that where a statute fixes a time within which an act must be accomplished, courts do not have the power to extend it or allow the act to be done at a later date." *Id.*, at 76 (citing *Wise v. Cambridge Springs*, 104 A. 863 (Pa. 1918).

Because Plaintiff cannot maintain her claims against Messrs. Mack and Wallace due to her failure to comply with the applicable statute of limitations, Plaintiff's claims against the individual Aramark Defendants must be dismissed with prejudice, as required by Pennsylvania statute and appellate case law.

### B. The Individual Aramark Defendants Are Entitled to Judgment in Their Favor on Plaintiff's Claims Under 42 U.S.C. §1983 Because The Individuals <u>Are Not State Actors</u>

Additionally, the Amended Complaint purports to state claims against individuals Paul Mack and Christopher Wallace for violation of her civil and constitutional rights. The Amended Complaint, however, again fails to demonstrate that Messrs. Mack and/or Wallace, as private citizens working for a private company, are state actors, acting under color of state law. Defendants Mack and Wallace incorporate by reference Defendant Aramark's Memorandum of Law in Support of its 12(b)(6) Motion as if fully set forth herein at length.

To state a claim under Section 1983, a plaintiff must demonstrate that: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of rights, privileges or immunities secured by the Constitution or law of the United States. *See Gavenas v. Kurtz*, 1999 U.S. Dist. Lexis 13392 (E.D. Pa. 1999); Johnson v. Desmond, 658 A.2d 375 (1995), appeal denied, 672 A.2d 308 (Pa. 1995).

As set forth in Aramark's Memorandum of Law, Messrs. Mack and Wallace do not meet the criteria for any of the tests by which to determine whether the individual defendants acted under color of State law. Plaintiff, therefore, does not have a cognizable claim under §1983. Because there is no legal basis against Messrs. Mack and Wallace for Plaintiff's claims under Section 1983 and Plaintiff's Amended Complaint should be dismissed in its entirety.

## CONCLUSION

For the foregoing reasons, Defendants Paul Mack and Christopher Wallace respectfully request that this Honorable Court grant their Motion and enter the attached Order.

> Respectfully submitted,
>
> MARSHA DENNEHEY
> WARNER COLEMAN & GOGGIN
>
> BY: *Jason Banonis*
> Jason Banonis, Esquire
> Attorney for Defendants
> Aramark Educational Services, LLC, Paul Mack and Christopher Wallace

| | |
|---|---|
| **MARSHALL DENNEHEY**<br>**WARNER COLEMAN & GOGGIN**<br>By:    Jason Banonis, Esquire<br>ID. No.: 85115<br>4905 W. Tilghman Street, Ste 300<br>Allentown, PA 18104<br>Phone: 484-895-2338<br>Fax: 484-895-2303 | Attorney for Defendant<br>Aramark Educational Services, LLC<br>(misidentified in plaintiff's Writ of<br>Summons as "Aramark Food and<br>Support Services, Inc.") Paul Mack and<br>Christopher Wallace |

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CASSIDY PYSER<br>                    Plaintiff<br>v.<br><br>KUTZTOWN UNIVERSITY OF<br>PENNSYLVANIA<br>     And<br>ARAMARK FOOD AND SUPPORT<br>SERVICES GROUP, INC.<br>     And<br>Melissa Vanderpool,<br>Desiree Reasoner,<br>Jesus Pena, and<br>Unidentified John Doe Campus Security<br>Police Officers, All acting in their<br>Individual capacities<br>c/o Kutztown University<br>     and<br>Paul Mack and<br>Christopher Wallace<br>c/o Aramark Food and Support Service<br>Group, Inc.<br>                    Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | No: 5:19-CV-05581-JLS<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>JURY TRIAL DEMANDED |

## CERTIFICATION OF SERVICE

I hereby certify that I have served upon all persons listed below a true and correct copy of Motion of Defendants Paul Mack and Christopher Wallace for Dismissal Pursuant to F.R.C.P. 12(b)(6) and Memorandum of Law in support thereof in the above-captioned matter this date by regular mail and/or electronic filing.

Alan B. Epstein, Esquire
Johan A. Ashrafzadeh-Kian, Esquire
SPECTOR GADON & ROSEN, P.C.
1635 Market Street, 7th Floor
Philadelphia, PA 19103
Email: aepstein@lawsgr.com; jkian@lawsgr.com
*Attorney for Plaintiff, Cassidy Pyser*

Kevin R. Bradford, Esquire
Senior Deputy Attorney General
Office of Attorney General
1600 Arch Street, Suite 300
Philadelphia, PA 19103
Email: kbradford@attorneygeneral.gov
*Attorney for Defendant, Kutztown University of Pennsylvania*

MARSHALL DENNEHEY
WARNER COLEMAN & GOGGIN

BY: *Jason Banonis*
     Jason Banonis, Esquire
     Attorney for Defendant

DATE: 1/24/2020