**EXHIBIT "A"**

SUMMONS

# Commonwealth of Pennsylvania
## CITY AND COUNTY OF PHILADELPHIA

Filed and Attested by the
Office of Judicial Records
27 NOV 2018 06:37 pm
M. BRYANT

COURT OF COMMON PLEAS

Cassidy Pyser
3228 Ellington Court
Bensalem, PA  19029

November Term, 2018

vs.

No. _____

Kutztown University of Pennsylvania
15200 Kutztown Road
Kutztown, PA  19530
and
Aramark Food and Support Service Group, Inc.
1101 Market Street
Philadelphia, PA  19107

To:[1]   Kutztown University of Pennsylvania          Aramark Food and Support Services Group, Inc.
         15200 Kutztown Road                          1101 Market Street
         Kutztown, PA  19530                          Philadelphia, PA  19107

You are notified that the Plaintiffs[2]
*Usted esta avisado que el demandante[2]*

**Cassidy Pyser**

Has (have) commenced an action against you.
*Ha (han) iniciado una accion en contra suya.*

JOSEPH H. EVERS
*Prothonotary*

BY _____

Date _____

181103001
27 NOV 2018 06:37 PM
M. BRYANT

[1]Name(s) of Defendant(s)
[2]Name(s) of Plaintiff(s)

Case ID: 181103001

**Court of Common Pleas**

**November Term, 2018**

**No.** _____

<u>Cassidy Pyser</u>

vs.

Kutztown University of Pennsylvan
And
<u>Aramark Food and Support Services Group, Inc.</u>

**EXHIBIT "B"**



No Items in Cart LOGOUT jbanonis

**Civil Docket Report**
A $5 Convenience fee will be added to the transaction at checkout.

## Case Description

| | |
|---|---|
| **Case ID:** | 181103001 |
| **Case Caption:** | PYSER VS KUTZTOWN UNIVERSITY OF PENNSYLVANIA ETAL |
| **Filing Date:** | Tuesday , November 27th, 2018 |
| **Court:** | MAJOR JURY-COMPLEX |
| **Location:** | City Hall |
| **Jury:** | JURY |
| **Case Type:** | PERSONAL INJURY - OTHER |
| **Status:** | NOT OF REMOVAL TO US DIST CT |

## Related Cases

*No related cases were found.*

## Case Event Schedule

*No case events were found.*

## Case motions

*No case motions were found.*

## Case Parties

| Seq # | Assoc | Expn Date | Type | Name |
|---|---|---|---|---|
| 1 | | | ATTORNEY FOR PLAINTIFF | EPSTEIN, ALAN B |
| **Address:** | SPECTOR GADON & ROSEN 1635 MARKET STREET, 7TH FLOOR PHILADELPHIA PA 19103 (215)241-8832 | **Aliases:** | *none* | |
| | | | | |
| 2 | 1 | | PLAINTIFF | PYSER, CASSIDY |

| | | | | |
|---|---|---|---|---|
| **Address:** | 3228 ELLINGTON CT BENSALEM PA 19029 | **Aliases:** | *none* | |
| | | | | |
| 3 | 8 | | DEFENDANT | KUTZTOWN UNIVERSITY OF PENNSYLVANIA |
| **Address:** | 15200 KUTZTOWN RD KUTZTOWN PA 19530 | **Aliases:** | *none* | |
| | | | | |
| 4 | 6 | | DEFENDANT | ARAMARK EDUCATIONAL SERVICES LLC |
| **Address:** | 1101 MARKET ST PHILADELPHIA PA 19107 | **Aliases:** | *none* | |
| | | | | |
| 5 | | 18-AUG-2019 | TEAM LEADER | YOUNGE, JOHN M |
| **Address:** | 485 CITY HALL PHILADELPHIA PA 19107 (215)686-7363 | **Aliases:** | *none* | |
| | | | | |
| 6 | | | ATTORNEY FOR DEFENDANT | BANONIS, JASON |
| **Address:** | Marshall Dennehey Warner 4905 West Tilghman St Suite 300 Allentown PA 18104 (484)895-2300 | **Aliases:** | *none* | |
| | | | | |
| 7 | 1 | | ATTORNEY | ASHRAFZADEH-KIAN, |

|  |  |  | FOR PLAINTIFF | JOHAN A |
|---|---|---|---|---|
| **Address:** | 1635 MARKET STREET 7TH FLOOR PHILADELPHIA PA 19103 (215)241-8887 | **Aliases:** | *none* | |

| 8 |  |  | ATTORNEY FOR DEFENDANT | KAMPF, MEGAN K |
|---|---|---|---|---|
| **Address:** | PA OFFICE OF ATTORNEY GENERAL LITIGATION SECTION 1000 MADISON AVE NORRISTOWN PA 17403 (610)631-5969 | **Aliases:** | *none* | |

| 9 |  |  | TEAM LEADER | COHEN, DENIS P |
|---|---|---|---|---|
| **Address:** | 658 CITY HALL PHILADELPHIA PA 19107 (215)686-7048 | **Aliases:** | *none* | |

| 10 |  |  | DEFENDANT | VANDERPOOL, MELISSA |
|---|---|---|---|---|
| **Address:** | C/O KUTZTOWN UNIVERSITY 15200 KUTZTOWN ROAD KUTZTOWN PA 19530 | **Aliases:** | *none* | |

| 11 |  |  | DEFENDANT | REASONER, DESIREE |
|---|---|---|---|---|
| **Address:** | C/O KUTZTOWN UNIVERSITY | **Aliases:** | *none* | |

| | | | | |
|---|---|---|---|---|
| | 15200 KUTZTOWN ROAD KUTZTOWN PA 19530 | | | |
| 12 | | | DEFENDANT | PENA, JOSE |
| **Address:** | C/O KUTZTOWN UNIVERSITY 15200 KUTZTOWN ROAD KUTZTOWN PA 19530 | **Aliases:** | *none* | |
| 13 | | | DEFENDANT | DOE (CAMPUS SECURITY POLICE OFFICERS), JOHN |
| **Address:** | C/O KUTZTOWN UNIVERSITY 15200 KUTZTOWN ROAD KUTZTOWN PA 19530 | **Aliases:** | *none* | |
| 14 | | | DEFENDANT | MACK, PAUL |
| **Address:** | C/O ARAMARK FOOD & SUP/SERV GR 15200 KUTZTOWN ROAD KUTZTOWN PA 19530 | **Aliases:** | *none* | |
| 15 | | | DEFENDANT | WALLACE, CHRISTOPHER |
| **Address:** | C/O ARAMARK FOOD & SUP/SERV GR 15200 KUTZTOWN ROAD KUTZTOWN PA | **Aliases:** | *none* | |

| | 19530 | | | |
|---|---|---|---|---|
| 16 | 8 | | ATTORNEY FOR DEFENDANT | BRADFORD, KEVIN R |
| **Address:** | 1600 ARCH ST 3RD FLOOR PHILADELPHIA PA 19103 (215)560-2262 | **Aliases:** | *none* | |

## Docket Entries

| Filing Date/Time | Docket Type | Filing Party | Disposition Amount | Approval/ Entry Date |
|---|---|---|---|---|
| 27-NOV-2018 06:37 PM | ACTIVE CASE | | | 28-NOV-2018 03:16 PM |
| **Docket Entry:** | E-Filing Number: 1811053676 | | | |
| | | | | |
| 27-NOV-2018 06:37 PM | COMMENCEMENT CIVIL ACTION JURY | EPSTEIN, ALAN B | | 28-NOV-2018 03:16 PM |
| **Documents:** | Final Cover | | | |
| **Docket Entry:** | *none.* | | | |
| | | | | |
| 27-NOV-2018 06:37 PM | PRAE TO ISSUE WRIT OF SUMMONS | EPSTEIN, ALAN B | | 28-NOV-2018 03:16 PM |
| **Documents:** | Praecipe to Issue Writ of Summons - Pyser.pdf Writ of Summons.pdf | | | |
| **Docket Entry:** | PRAECIPE TO ISSUE WRIT OF SUMMONS FILED. WRIT OF SUMMONS ISSUED. | | | |
| | | | | |
| 27-NOV-2018 06:37 PM | JURY TRIAL PERFECTED | EPSTEIN, ALAN B | | 28-NOV-2018 03:16 PM |
| **Docket** | | | | |

| | | | | |
|---|---|---|---|---|
| **Entry:** | 12 JURORS REQUESTED. | | | |

| | | | | |
|---|---|---|---|---|
| 27-NOV-2018 06:37 PM | WAITING TO LIST CASE MGMT CONF | EPSTEIN, ALAN B | | 28-NOV-2018 03:16 PM |
| **Docket Entry:** | *none.* | | | |

| | | | | |
|---|---|---|---|---|
| 07-JAN-2019 10:53 AM | PRAECIPE TO REISSUE SUMMONS | EPSTEIN, ALAN B | | 07-JAN-2019 11:27 AM |
| **Documents:** | Praecipe to Reissue Summons.pdf Writ of Summons.pdf | | | |
| **Docket Entry:** | PREACIPE TO REISSUE WRIT OF SUMMONS FILED. WRIT REISSUED. (FILED ON BEHALF OF CASSIDY PYSER) | | | |

| | | | | |
|---|---|---|---|---|
| 07-FEB-2019 08:47 AM | PRAECIPE TO REISSUE SUMMONS | EPSTEIN, ALAN B | | 07-FEB-2019 09:49 AM |
| **Documents:** | 2nd Praecipe to Reissue Writ of Summons.pdf Writ of Summons II.pdf | | | |
| **Docket Entry:** | PREACIPE TO REISSUE WRIT OF SUMMONS FILED. WRIT REISSUED. (FILED ON BEHALF OF CASSIDY PYSER) | | | |

| | | | | |
|---|---|---|---|---|
| 08-FEB-2019 10:33 AM | LISTED FOR CASE MGMT CONF | | | 08-FEB-2019 10:33 AM |
| **Docket Entry:** | *none.* | | | |

| | | | | |
|---|---|---|---|---|
| 12-FEB-2019 12:30 AM | NOTICE GIVEN | | | 12-FEB-2019 12:30 AM |
| **Docket Entry:** | *none.* | | | |

| | | | | |
|---|---|---|---|---|
| 04-MAR-2019 11:57 AM | ENTRY OF APPEARANCE | BANONIS, JASON | | 04-MAR-2019 11:57 AM |
| **Documents:** | Pyser - Entry, jury demand.pdf | | | |
| **Docket** | ENTRY OF APPEARANCE OF JASON BANONIS FILED. (FILED ON | | | |

| | Entry: | BEHALF OF ARAMARK FOOD AND SUPPORT SERVICES GROUP INC) | | | |
|---|---|---|---|---|---|
| 04-MAR-2019 11:57 AM | JURY TRIAL PERFECTED | BANONIS, JASON | | | 04-MAR-2019 11:57 AM |
| Docket Entry: | 12 JURORS REQUESTED. | | | | |
| 04-MAR-2019 03:21 PM | RULE TO FILE COMPLAINT | BANONIS, JASON | | | 05-MAR-2019 10:01 AM |
| Documents: | Pyser - Praecipe, Rule to File Complaint.pdf | | | | |
| Docket Entry: | PRAECIPE AND RULE FILED UPON CASSIDY PYSER TO FILE A COMPLAINT WITHIN TWENTY (20) DAYS OR SUFFER JUDGMENT OF NON PROS FILED. (FILED ON BEHALF OF ARAMARK FOOD AND SUPPORT SERVICES GROUP INC) | | | | |
| 04-MAR-2019 03:31 PM | PLF CONTINUANCE REQ APPROVED | | | | 04-MAR-2019 03:31 PM |
| Docket Entry: | none. | | | | |
| 04-MAR-2019 03:32 PM | LISTED FOR CASE MGMT CONF | | | | 04-MAR-2019 03:32 PM |
| Docket Entry: | none. | | | | |
| 05-MAR-2019 10:26 AM | PRAECIPE TO REISSUE SUMMONS | EPSTEIN, ALAN B | | | 05-MAR-2019 02:23 PM |
| Documents: | 3rd Praecipe to Reissue Writ of Summons I.pdf Writ of Summons III.pdf | | | | |
| Docket Entry: | PREACIPE TO REISSUE WRIT OF SUMMONS FILED. WRIT REISSUED. (FILED ON BEHALF OF CASSIDY PYSER) | | | | |
| 06-MAR-2019 12:30 AM | NOTICE GIVEN | | | | 06-MAR-2019 12:30 AM |
| Docket | none. | | | | |

| | Entry: | | | |
|---|---|---|---|---|
| 18-MAR-2019 04:33 PM | ENTRY OF APPEARANCE-CO COUNSEL | ASHRAFZADEH-KIAN, JOHAN A | | 18-MAR-2019 04:36 PM |
| Documents: | Entry of Appearance (Johan Kian).pdf | | | |
| Docket Entry: | ENTRY OF APPEARANCE OF JOHAN A ASHRAFZADEH-KIAN AS CO-COUNSEL FILED. (FILED ON BEHALF OF CASSIDY PYSER) | | | |
| 20-MAR-2019 12:30 AM | NOTICE GIVEN | | | 20-MAR-2019 12:30 AM |
| Docket Entry: | *none.* | | | |
| 25-MAR-2019 12:39 PM | STIPULATION FILED | BANONIS, JASON | | 25-MAR-2019 12:49 PM |
| Documents: | Pyser - Stip to correct identity.pdf | | | |
| Docket Entry: | STIPULATION TO CORRECT IDENTITY FILED. (FILED ON BEHALF OF ARAMARK FOOD AND SUPPORT SERVICES GROUP INC) | | | |
| 25-MAR-2019 01:25 PM | ENTRY OF APPEARANCE | KAMPF, MEGAN K | | 25-MAR-2019 01:27 PM |
| Documents: | EOA Pyser.pdf | | | |
| Docket Entry: | ENTRY OF APPEARANCE OF MEGAN K KAMPF FILED. (FILED ON BEHALF OF KUTZTOWN UNIVERSITY OF PENNSYLVANIA) | | | |
| 25-MAR-2019 01:28 PM | RULE TO FILE COMPLAINT | KAMPF, MEGAN K | | 25-MAR-2019 02:27 PM |
| Documents: | Praecipe for Rule to File Complaint.docx.pdf.pdf | | | |
| Docket Entry: | PRAECIPE AND RULE FILED UPON CASSIDY PYSER TO FILE A COMPLAINT WITHIN TWENTY (20) DAYS OR SUFFER JUDGMENT OF NON PROS FILED. (FILED ON BEHALF OF KUTZTOWN UNIVERSITY OF PENNSYLVANIA) | | | |

| 25-MAR-2019 04:47 PM | ACCEPTANCE OF SERVICE FILED | ASHRAFZADEH-KIAN, JOHAN A | | 26-MAR-2019 09:12 AM |
|---|---|---|---|---|
| **Documents:** | Affidavit of Service (Aramark).pdf | | | |
| **Docket Entry:** | SERVICE OF PLAINTIFF'S WRIT OF SUMMONS ACCEPTED BY JASON BANONIS AND ARAMARK EDUCATIONAL SERVICES, LLC ON 03/25/2019 FILED. (FILED ON BEHALF OF CASSIDY PYSER) | | | |
| | | | | |
| 27-MAR-2019 12:30 AM | NOTICE GIVEN | | | 27-MAR-2019 12:30 AM |
| **Docket Entry:** | none. | | | |
| | | | | |
| 04-APR-2019 04:02 PM | SHERIFF'S SERVICE | EPSTEIN, ALAN B | | 04-APR-2019 04:07 PM |
| **Documents:** | Affidavit of Service (Kutztown University).pdf | | | |
| **Docket Entry:** | DEPUTIZED SERVICE OF PLAINTIFF'S WRIT OF SUMMONS UPON KUTZTOWN UNIVERSITY OF PENNSYLVANIA BY SHERIFF OF BERKS COUNTY ON 03/08/0019. (FILED ON BEHALF OF CASSIDY PYSER) | | | |
| | | | | |
| 29-APR-2019 11:46 AM | PLF CONTINUANCE REQ APPROVED | | | 29-APR-2019 11:47 AM |
| **Docket Entry:** | none. | | | |
| | | | | |
| 29-APR-2019 11:47 AM | LISTED FOR CASE MGMT CONF | | | 29-APR-2019 11:47 AM |
| **Docket Entry:** | none. | | | |
| | | | | |
| 01-MAY-2019 12:30 AM | NOTICE GIVEN | | | 01-MAY-2019 12:30 AM |
| **Docket Entry:** | none. | | | |
| | | | | |
| 18-JUN-2019 | CMCF RESCHEDULED | SULLIVAN, | | 18-JUN-2019 |

| 01:43 PM | BY COURT | JOAN | | 01:44 PM |
|---|---|---|---|---|
| **Docket Entry:** | *none.* | | | |
| | | | | |
| 18-JUN-2019 01:44 PM | LISTED FOR CASE MGMT CONF | | | 18-JUN-2019 01:44 PM |
| **Docket Entry:** | *none.* | | | |
| | | | | |
| 18-JUN-2019 01:44 PM | NOTICE GIVEN | | | 18-JUN-2019 01:44 PM |
| **Documents:** | NOTGV_30.pdf | | | |
| **Docket Entry:** | *none.* | | | |
| | | | | |
| 18-JUN-2019 01:45 PM | NOTICE GIVEN UNDER RULE 236 | | | 31-JUL-2019 02:34 PM |
| **Docket Entry:** | NOTICE GIVEN ON 31-JUL-2019 OF NOTICE GIVEN ENTERED ON 18-JUN-2019. | | | |
| | | | | |
| 20-JUN-2019 12:30 AM | NOTICE GIVEN | | | 20-JUN-2019 12:30 AM |
| **Docket Entry:** | *none.* | | | |
| | | | | |
| 28-JUN-2019 12:17 PM | CASE RESCHEDULED BY COURT | LAWLOR, BRIAN | | 28-JUN-2019 12:17 PM |
| **Docket Entry:** | APLF TO FILE COMPLAINT. | | | |
| | | | | |
| 28-JUN-2019 12:18 PM | LISTED FOR CASE MGMT CONF | | | 28-JUN-2019 12:18 PM |
| **Docket Entry:** | *none.* | | | |
| | | | | |

| 28-JUN-2019 12:18 PM | NOTICE GIVEN | | | 28-JUN-2019 12:18 PM |
|---|---|---|---|---|
| **Documents:** | CLNGV_34.pdf | | | |
| **Docket Entry:** | THE CASE MANAGEMENT CONFERENCE FOR THE ABOVE CAPTIONED MATTER HAS BEEN RESCHEDULED FOR Monday, July 29, 2019, AT 03:00 PM, IN Case Management Center, Rm 613, CITY HALL. NO FURTHER CONTINUANCES WILL BE GRANTED ABSENT EXIGENT CRCUMSTANCES. COUNSEL FOR PLAINTIFF IS DIRECTED TO SERVE A COPY OF THIS NOTICE ON ANY UNREPRESENTED PARTY AND ANY ATTORNEY ENTERING AN APPEARANCE SUBSEQUENT TO THE ISSUANCE OF THIS NOTICE. COUNSEL MUST BE PREPARED TO ADDRESS ALL RELEVANT ISSUES. IF THE CASE SETTLED PRIOR TO THE CONFERENCE, ELECTRONICALLY FILE A SETTLEMENT LETTER. TO FILE THE LETTER ELECTRONICALLY, ACCESS THE "EXISTING CASE" SECTION OF THE COURT'S ELECTRONIC FILING SYSTEM. SELECT "CONFERENCE SUBMISSIONS" AS THE FILING CATEGORY. SELECT "SETTLEMENT LETTER" AS THE DOCUMENT TYPE. QUESTIONS CONCERNING THIS NOTICE AND ITS CONTENTS SHALL BE REFERRED TO 215-686-3710. | | | |

| 02-JUL-2019 12:30 AM | NOTICE GIVEN | | | 02-JUL-2019 12:30 AM |
|---|---|---|---|---|
| **Docket Entry:** | *none.* | | | |

| 29-JUL-2019 03:13 PM | WAITING TO LIST RULE DATE | LAWLOR, BRIAN | | 29-JUL-2019 03:14 PM |
|---|---|---|---|---|
| **Docket Entry:** | NO COMPLAINT FILED. | | | |

| 31-JUL-2019 10:52 AM | LISTED RULE RETURNABLE DATE | | | 31-JUL-2019 10:52 AM |
|---|---|---|---|---|
| **Documents:** | CLLRR_37.pdf | | | |
| **Docket Entry:** | A RULE IS HEREBY ISSUED TO SHOW CAUSE WHY THIS MATTER SHOULD NOT BE NON-PROSSED FOR FAILURE TO FILE A COMPLAINT IN A TIMELY MANNER. RULE RETURNABLE THE 21ST DAY OF AUGUST 2019 AT 2:00 P.M. IN COURTROOM 483, CITY HALL, PHILADELPHIA, PENNSYLVANIA. ALL COUNSEL AND UNREPRESENTED PARTIES SHALL APPEAR UNLESS THE CASE IS SETTLED OR WITHDRAWN, IN WHICH CASE COUNSEL MUST NOTIFY | | | |

| | THE COURT IMMEDIATELY IN WRITING. ... BY THE COURT: YOUNGE, J. 07/30/2019 | | | |
|---|---|---|---|---|
| | | | | |
| 31-JUL-2019 10:52 AM | NOTICE GIVEN UNDER RULE 236 | | | 01-AUG-2019 09:24 AM |
| **Docket Entry:** | NOTICE GIVEN ON 01-AUG-2019 OF LISTED RULE RETURNABLE DATE ENTERED ON 31-JUL-2019. | | | |
| | | | | |
| 13-AUG-2019 12:19 PM | CASE RESCHEDULED BY COURT | YOUNGE, JOHN M | | 13-AUG-2019 12:19 PM |
| **Docket Entry:** | *none.* | | | |
| | | | | |
| 13-AUG-2019 12:21 PM | LISTED RULE RETURNABLE DATE | | | 13-AUG-2019 12:21 PM |
| **Documents:** | CLLRR_41.pdf | | | |
| **Docket Entry:** | IT IS HEREBY ORDERED AND DECREED, THAT THE RULE TOS SHOW CAUSE WHY THIS MATTER SHOULD NOT BE NON-PROSSED FOR FAILURE TO FILE A COMPLAINT IS RESCHEDULED TO BE HEARD BY THE HONORABLE DENIS P. COHEN ON AUGUST 21ST, 2019 AT 2:00 P.M., IN COURTROOM 480, CITY HALL, PHILADELPHIA, PA. ALL OTHER TERMS AND CONDITIONS SET FORTH IN JUDGE YOUNGE'S RULE TO SHOW CAUSE DATED JULY 30, 2019 SHALL REMAIN IN FULL FORCE AND EFFECT. ... BY THE COURT: COHEN, J. 08/12/2019 | | | |
| | | | | |
| 13-AUG-2019 12:21 PM | NOTICE GIVEN UNDER RULE 236 | | | 14-AUG-2019 02:07 PM |
| **Docket Entry:** | NOTICE GIVEN ON 14-AUG-2019 OF LISTED RULE RETURNABLE DATE ENTERED ON 13-AUG-2019. | | | |
| | | | | |
| 30-SEP-2019 10:36 AM | JUDGMENT OF NON PROS ENTERED | COHEN, DENIS P | | 30-SEP-2019 10:37 AM |
| **Documents:** | WSNPR_43.pdf | | | |
| **Docket Entry:** | NON-PROS ENTERED FOR FAILURE TO FILE A COMPLAINT. ... BY THE COURT: COHEN, J. 09/30/2019 | | | |

| 30-SEP-2019 10:36 AM | NOTICE GIVEN UNDER RULE 236 | | | 01-OCT-2019 01:47 PM |
|---|---|---|---|---|
| **Docket Entry:** | NOTICE GIVEN ON 01-OCT-2019 OF JUDGMENT OF NON PROS ENTERED ENTERED ON 30-SEP-2019. | | | |
| | | | | |
| 10-OCT-2019 10:35 AM | PETITION TO OPEN JUDGMENT | EPSTEIN, ALAN B | | 10-OCT-2019 10:40 AM |
| **Documents:** | ORDER PYSER.1.pdf<br>PETITION PYSER.pdf<br>VERIFICATION.pdf<br>Motion CoverSheet Form | | | |
| **Docket Entry:** | 72-19101472 RESPONSE DATE 10/30/2019. (FILED ON BEHALF OF CASSIDY PYSER) | | | |
| | | | | |
| 01-NOV-2019 10:56 AM | MOTION ASSIGNED | | | 01-NOV-2019 10:56 AM |
| **Docket Entry:** | 72-19101472 PETITION TO OPEN JUDGMENT ASSIGNED TO JUDGE: COHEN, DENIS P. ON DATE: NOVEMBER 01, 2019 | | | |
| | | | | |
| 04-NOV-2019 03:21 PM | ORDER ENTERED/236 NOTICE GIVEN | COHEN, DENIS P | | 04-NOV-2019 03:21 PM |
| **Documents:** | ORDER_47.pdf | | | |
| **Docket Entry:** | 72-19101472 IT IS HEREBY ORDERED AND DECREED THAT THE PETITION TO OPEN JUDGMENT OF NON PROS IS GRANTED. PLAINTIFF SHALL FILE THE COMPLAINT ATTACHED TO THE PETITION WITHIN TEN (10) DAYS OF THE ENTRY OF THIS ORDER. ... BY THE COURT: COHEN, J. 11/04/2019 | | | |
| | | | | |
| 04-NOV-2019 03:21 PM | NOTICE GIVEN UNDER RULE 236 | | | 05-NOV-2019 01:44 PM |
| **Docket Entry:** | NOTICE GIVEN ON 05-NOV-2019 OF ORDER ENTERED/236 NOTICE GIVEN ENTERED ON 04-NOV-2019. | | | |
| | | | | |
| 04-NOV-2019 03:21 PM | WAITING TO LIST CASE MGMT CONF | | | 04-NOV-2019 12:00 AM |

| | | | | |
|---|---|---|---|---|
| **Docket Entry:** | *none.* | | | |
| | | | | |
| 04-NOV-2019 04:05 PM | LISTED FOR CASE MGMT CONF | | | 04-NOV-2019 04:05 PM |
| **Docket Entry:** | *none.* | | | |
| | | | | |
| 06-NOV-2019 12:30 AM | NOTICE GIVEN | | | 06-NOV-2019 12:30 AM |
| **Docket Entry:** | *none.* | | | |
| | | | | |
| 12-NOV-2019 05:35 PM | COMPLAINT FILED NOTICE GIVEN | EPSTEIN, ALAN B | | 13-NOV-2019 10:55 AM |
| **Documents:** | Exhibit A - Civil Action Complaint - Pyser.pdf<br>Verification - Pyser - Civil Action Complaint - Pyser.1.pdf<br>Civil Action Complaint - Pyser.pdf | | | |
| **Docket Entry:** | COMPLAINT WITH NOTICE TO DEFEND WITHIN TWENTY (20) DAYS AFTER SERVICE IN ACCORDANCE WITH RULE 1018.1 FILED. (FILED ON BEHALF OF CASSIDY PYSER) | | | |
| | | | | |
| 12-NOV-2019 05:35 PM | JURY TRIAL PERFECTED | EPSTEIN, ALAN B | | 13-NOV-2019 10:55 AM |
| **Docket Entry:** | 8 JURORS REQUESTED. | | | |
| | | | | |
| 15-NOV-2019 12:30 AM | NOTICE GIVEN | | | 15-NOV-2019 12:30 AM |
| **Docket Entry:** | *none.* | | | |
| | | | | |
| 19-NOV-2019 03:55 PM | ENTRY OF APPEARANCE | BRADFORD, KEVIN R | | 19-NOV-2019 03:58 PM |
| **Documents:** | Entry of Appearance - KB.pdf | | | |
| | | | | |

| | | | | |
|---|---|---|---|---|
| **Docket Entry:** | ENTRY OF APPEARANCE OF KEVIN R BRADFORD FILED. (FILED ON BEHALF OF KUTZTOWN UNIVERSITY OF PENNSYLVANIA) | | | |

| | | | | |
|---|---|---|---|---|
| 21-NOV-2019 12:30 AM | NOTICE GIVEN | | | 21-NOV-2019 12:30 AM |
| **Docket Entry:** | *none.* | | | |

| | | | | |
|---|---|---|---|---|
| 02-DEC-2019 09:46 AM | CASE MGMT CONFERENCE COMPLETED | SULLIVAN, JOAN | | 02-DEC-2019 09:46 AM |
| **Docket Entry:** | *none.* | | | |

| | | | | |
|---|---|---|---|---|
| 02-DEC-2019 09:46 AM | CASE MANAGEMENT ORDER ISSUED | | | 02-DEC-2019 09:46 AM |
| **Documents:** | CMOIS_58.pdf | | | |
| **Docket Entry:** | CASE MANAGEMENT ORDER COMPLEX TRACK - AND NOW, 02-DEC-2019, it is Ordered that: 1. The case management and time standards adopted for complex track cases shall be applicable to this case and are hereby incorporated into this Order. 2. All discovery on the above matter shall be completed not later than 01-JUN-2020. 3. Plaintiff shall identify and submit curriculum vitae and expert reports of all expert witnesses intended to testify at trial to all other parties not later than 06-JUL-2020. 4. Defendant and any additional defendants shall identify and submit curriculum vitae and expert reports of all expert witnesses intended to testify at trial not later than 03-AUG-2020. 5. All pre-trial motions shall be filed not later than 03-AUG-2020. 6. A settlement conference may be scheduled at any time after 07-SEP-2020. Prior to the settlement conference all counsel shall serve all opposing counsel and file a settlement memorandum containing the following: (a) A concise summary of the nature of the case if plaintiff or of the defense if defendant or additional defendant; (b) A statement by the plaintiff or all damages accumulated, including an itemization of injuries and all special damages claimed by categories and amount;(c) Defendant shall identify all applicable insurance carriers, together with applicable limits of liability. 7. A pre-trial conference will be scheduled any time after 02-NOV-2020. Fifteen days prior to pre-trial conference, all counsel shall serve all opposing counsel and file a pre-trial memorandum containing the following:(a) A concise summary of the nature of the case if plaintiff or the defense if defendant or additional defendant;(b) A list of all witnesses who may be | | | |

called to testify at trial by name and address. Counsel should expect witnesses not listed to be precluded from testifying at trial;(c) A list of all exhibits the party intends to offer into evidence. All exhibits shall be pre-numbered and shall be exchanged among counsel prior to the conference. Counsel should expect any exhibit not listed to be precluded at trial;(d) Plaintiff shall list an itemization of injuries or damages sustained together with all special damages claimed by category and amount. This list shall include as appropriate, computations of all past lost earnings and future lost earning capacity or medical expenses together with any other unliquidated damages claimed; and (e) Defendant shall state its position regarding damages and shall identify all applicable insurance carriers, together with applicable limits of liability;(f) Each counsel shall provide an estimate of the anticipated length of trial. 8. It is expected that the case will be ready for trial 07-DEC-2020, and counsel should anticipate trial to begin expeditiously thereafter. 9. All counsel are under a continuing obligation and are hereby ordered to serve a copy of this order upon all unrepresented parties and upon all counsel entering an appearance subsequent to the entry of this order. ...BY THE COURT: DENIS COHEN, J.

| 02-DEC-2019 09:47 AM | LISTED FOR SETTLEMENT CONF | | | 02-DEC-2019 09:47 AM |
|---|---|---|---|---|
| **Docket Entry:** | *none.* | | | |

| 02-DEC-2019 09:47 AM | LISTED FOR PRE-TRIAL CONF | | | 02-DEC-2019 09:47 AM |
|---|---|---|---|---|
| **Docket Entry:** | *none.* | | | |

| 02-DEC-2019 09:47 AM | LISTED FOR TRIAL | | | 02-DEC-2019 09:47 AM |
|---|---|---|---|---|
| **Docket Entry:** | *none.* | | | |

| 02-DEC-2019 09:47 AM | NOTICE GIVEN UNDER RULE 236 | | | 02-DEC-2019 01:05 PM |
|---|---|---|---|---|
| **Docket Entry:** | NOTICE GIVEN ON 02-DEC-2019 OF CASE MANAGEMENT ORDER ISSUED ENTERED ON 02-DEC-2019. | | | |

| 02-DEC-2019 01:11 PM | NOT OF REMOVAL TO US DIST CT | BANONIS, JASON | | 03-DEC-2019 03:46 PM |
|---|---|---|---|---|
| **Documents:** | Pyser - Def Notice of Removal.pdf | | | |
| **Docket Entry:** | NOTICE OF REMOVAL TO THE U.S. (EASTERN) DISTRICT COURT UNDER 19-CV-5581. (FILED ON BEHALF OF ARAMARK EDUCATIONAL SERVICES LLC) | | | |
| | | | | |
| 13-DEC-2019 01:03 PM | RECORD MAILED/TRANSMITTED | | | 13-DEC-2019 12:00 AM |
| **Docket Entry:** | RECORD MAILED TO U.S. DISTRICT COURT. UPS# 1Z 5E3 003 03 1028 156 2. | | | |

▶ Case Description    ▶ Related Cases    ▶ Event Schedule    ▶ Case Parties    ▶ Docket Entries

[ E-Filing System ]    [ Search Home ]

# EXHIBIT "C"

*SPECTOR GADON ROSEN VINCI P.C.*
By:  Alan B. Epstein, Esquire
       Johan Ashrafzadeh-Kian, Esquire
Pa. Atty. I.D. Nos. 2346/314994
1635 Market Street Seventh Floor
Philadelphia, PA  19103
(215) 241-8888
*aepstein@sgrvlaw.com/*
*jkian@sgrvlaw.com*



*Filed and Attested by the*
*Office of Judicial Records*
*12 NOV 2018 05:35 pm*
*M. RUSSO*

*Attorneys for Plaintiff*
*Cassidy Pyser*

---

| | |
|---|---|
| CASSIDY PYSER | : COURT OF COMMON PLEAS |
| 3228 Ellington Court | : |
| Bensalem, PA  19020 | : PHILADELPHIA COUNTY |
| Plaintiff, | : |
| v. | : NOVEMBER TERM 2018 |
| Kutztown University of Pennsylvania | : |
| 15200 Kutztown Road | : NO. 3001 |
| Kutztown, PA  19530 | : |
| and | : |
| Aramark Food and Support Service Group, | : |
|  Inc. | : |
| 2400 Market Street | : |
| Philadelphia, PA  19103 | : |
| and | : |
| Melissa Vanderpool, | : |
| Desiree Reasoner, | : |
| Jesus Peña, and | : |
| Unidentified John  Doe Campus Security | : |
| Police Officers, | : THIS IS A MAJOR JURY |
| All acting in their individual capacities | : CASE. ASSESSCT OF |
| c/o Kutztown University | : DAMAGES HEARING |
| 15200 Kutztown Road | : IS REQUIRED |
| Kutztown, PA  19530 | : |
| and | : JURY TRIAL DEMANDED |
| Paul Mack and | : |
| Christopher Wallace | : |
| c/o Aramark Food and Support Service | : |
| Group, Inc. | : |
| 15200 Kutztown Road | : |
| Kutztown, PA  19530 | : |
| Defendants. | : |

---

Case ID: 181103001

# NOTICE TO DEFEND

### NOTICE

You have been sued in Court. If you wish to defend against claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

### PHILADELPHIA BAR ASSOCIATION
### LAWYER REFERRAL AND INFORMATION SERVICE

1101 Market Street, 11th Floor
Philadelphia, PA 19107
Telephone: 215-238-1701

### AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparesencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Se avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIEGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

### ASOCIACION DE LICENCIADOS DE FILADELFIA
### SERVICIO DE REFERENCIA E INFORMACION LEGAL

1101 Market Street, 11th Floor
Filadelfia, Pennsylvania 19107
Telefono: 215-238-1701

Case ID: 181103001

**SPECTOR GADON ROSEN VINCI P.C.**
By:  Alan B. Epstein, Esquire
     Johan Ashrafzadeh-Kian, Esquire
Pa. Atty. I.D. Nos. 2346/314994
1635 Market Street Seventh Floor
Philadelphia, PA  19103                        *Attorneys for Plaintiff*
(215) 241-8888                                      *Cassidy Pyser*
*aepstein@sgrvlaw.com/*
*jkian@sgrvlaw.com*

| | |
|---|---|
| CASSIDY PYSER | : COURT OF COMMON PLEAS |
| 3228 Ellington Court | : |
| Bensalem, PA  19020 | : PHILADELPHIA COUNTY |
|      Plaintiff, | : |
|      v. | : NOVEMBER TERM 2018 |
| Kutztown University of Pennsylvania | : |
| 15200 Kutztown Road | : NO. 3001 |
| Kutztown, PA  19530 | : |
|      and | : |
| Aramark Food and Support Service Group, Inc. | : |
| 2400 Market Street | : |
| Philadelphia, PA  19103 | : |
|      and | : |
| Melissa Vanderpool, | : |
| Desiree Reasoner, | : |
| Jesus Peña, and | : |
| Unidentified John  Doe Campus Security | : |
| Police Officers, | : THIS IS A MAJOR JURY |
| All acting in their individual capacities | : CASE. ASSESSENT OF |
| c/o Kutztown University | : DAMAGES HEARING |
| 15200 Kutztown Road | : IS REQUIRED |
| Kutztown, PA  19530 | : |
|      and | : JURY TRIAL DEMANDED |
| Paul Mack and | : |
| Christopher Wallace | : |
| c/o Aramark Food and Support Service | : |
| Group, Inc. | : |
| 15200 Kutztown Road | : |
| Kutztown, PA  19530 | : |
|      Defendants. | : |

## CIVIL ACTION COMPLAINT

Case ID: 181103001

Plaintiff Cassidy Pyser ("Plaintiff" or "Pyser", by her undersigned attorneys, avers as follows in support of the allegations and causes of action set forth in this Complaint against the named Defendants:

## INTRODUCTORY STATEMENT

1.     Plaintiff brings this action to redress claims arising from the actions and inactions affected by the Defendants individually and in concert to deprive her of her common law and constitutional rights in connection with her attendance as a fully matriculated student for two years at Kutztown University located in Kutztown, Pennsylvania

2.     More specifically, the following paragraphs document that after Kutztown University ("Defendant Kutztown" or the "University") fraudulently induced Plaintiff to attend and reside at the University by promising a safe educational and residential environment, the defendants, individually and collectively caused and allowed Plaintiff to be the victim of outrageous and uncorrected anti-Semitic acts and behaviors that caused her great emotional harm and required her to leave her studies at Kutztown University before the start of her third year.

3.     The Defendants individual and collective conduct was grossly indifferent to Plaintiff's constitutional and common law rights and has caused her permanent and irreparable psychological harm, making a significant compensatory and punitive damages award appropriate.

2

## THE PARTIES

4.      Plaintiff Cassidy Pyser is a resident and citizen of the Commonwealth of Pennsylvania and currently resides at 3228 Ellington Court, Bensalem, PA  19020.

5.      At all times relevant to the present Complaint, Plaintiff (Date of Birth: September 18, 1996) was a fully matriculated student at Kutztown University from September 2015 through May 2017.

6.      Defendant Kutztown is an accredited institution of higher learning and a Member of the Pennsylvania State System of Higher Education whose principal place of business is located at 15200 Kutztown Road, Kutztown, PA 19530.

7.      As reflected on its public website, the University boasts student enrollment of nearly 9000 students from across the United States and the world, almost fifty percent (50%) of whom live in residence halls on the University campus.

8.      Kutztown University was founded in 1866 as Keystone Normal School, became Kutztown State Teachers College in 1928 and Keystone State College in 1960.  It achieved University status in 1983.

9.      The University publicly professes not to discriminate in educational opportunity on the basis of, *inter alia*, religion.

10.     Defendant Aramark Food and Support Service Group, Inc. ("Aramark") is a company incorporated and operating under the laws of the

Case ID: 181103001

Commonwealth of Pennsylvania with a principal place of business located at 2400 Market Street, Philadelphia, PA 19103.

11.    At all times applicable to the present matter, Aramark provided food and dining services to students in the University's several dining halls at a fee paid by each of the students participating.

12.    Defendants Melissa Vanderpool ("Vanderpool") (Assistant Director of Residence, Desiree Reasoner ("Reasoner") (Director of Residence Life), Jesus Peña ("Peña") (Deputy to University President Kenneth S. Hankinson for compliance and equity and legal affairs), and the yet unidentified John Doe Campus Security Police Officers ("Police Officers") are all residents and citizens of the Commonwealth of Pennsylvania employed by the Defendant Kutztown University in the capacities noted above.

13.    At all times relevant to the present Complaint, were acting in their individual capacities under the color of law at Kutztown University, 15200 Kutztown Road, Kutztown, PA 19530 and were responsible for the safety of the students attending and living at the University.

14.    Defendants Paul Mack ("Mack") (Aramark Resident Director)  and Christopher Wallace ("Wallace") (Aramark Director of Operations) are residents and citizens of the Commonwealth of Pennsylvania who, at all times relevant to the present Complaint, worked out of the local office of Aramark located at 15200 Kutztown Road, Kutztown, PA 19530.

15.    At all times relevant to the present Complaint, Defendants Mack and Wallace were acting as employees of Aramark Food and Support Service

4

Group, Inc. serving and employing University students in the University's dining hall.

## VENUE and JURISDICTION

16.     Venue is proper in Philadelphia County because Defendant Kutztown University regularly conducts business there including the recruiting of students to attend the University and Defendant Aramark maintains its principal place of business within Philadelphia County.

17.     This Court has jurisdiction to hear and resolve all of Plaintiff's claims arising from contract and tort actions and actions in accordance with the Pennsylvania Constitution as set forth herein and can hear and resolve all issues relating to Plaintiff's claims arising from the constitutional protections afforded pursuant to the protections of federal constitutional rights brought pursuant to the provisions of 42 U.S.C. §1983.

## RELEVANT FACTUAL HISTORY[1]

18.     Plaintiff first matriculated as a freshman student the University in September 2015, intending to seek and secure a four-year college degree.

19.     Her decision in that regard was based upon the representations publicly made by the University that it provided to all students a safe

---

[1] Explaining the delay in filing a Complaint, Plaintiff had originally instituted this matter by Summons and named only the University and Aramark.  Following the filing of the Summons in November, Plaintiff requested pre-Complaint discovery from each of those defendants.  Plaintiff received responses from the University and Aramark on May 6, 2019 and May 10, 2019, wherein the facts related herein were largely revealed to Plaintiff for the first time, especially those facts that render the individual defendants complicit in causing the harm to the Plaintiff.

5

environment to under college studies free from any threats to that well-being made, *inter alia*, on the basis of religious belief.

20.    Moreover, despite an obligation to do so contractually and pursuant the federal law known as the Clery Act (formally The Jeanne Clery Disclosure of Campus Security Policy and Campus Crime Statistics, 20 U.S.C. §1092(f)), Kutztown University did not properly advise or give timely warnings to incoming students and their parents that could represent a threat to the safety of students or include in the mandated Annual Campus Security Reports for the University.

21.    Specifically, despite the fact that it was identified by the Anti-Defamation League as having been targeted with another 17 Universities and colleges by neo-Nazi and other hate groups, the University did not warn that the campus and its immediate environs had been the target of outside white supremacist groups and anti-Semitic postings including the posting of signs throughout the campus area focused on the preservation of white American culture and heralding neo-Nazi propaganda.

22.    The University additionally did not publish that it intended to abolish a rule against the display of symbols of hate and permitted as an official policy the display by students in their residence hall of symbols of hate including Nazi swastikas.

23.    Those actions by the University were intended to convince students that it provided a safe and secure environment that was free from bigotry based, *inter alia*, on hatred of Jews and that students following Jewish faith would not

6

be the target of hate-related speech, threats and actions solely for the purpose of not curtailing student admissions and additional tuition monies on that basis.

24.    In fact, despite its knowledge of hate-induced criminal activity, it included in the mandated Clery reports for the years preceding Plaintiff's matriculation, no evidence of such activity in or about the campus.

25.    If Plaintiff had been made aware of the hate-related activity on The University campus and in the surrounding community constituting reportable offences mandated both by the Clery Act and its contractual obligations to its students, she would not have accepted admission.

26.    Promptly following her admission and assignment of a roommate, Erin Dibble ("Erin"), began experiencing some forms discrimination on the basis of her religion (Jewish), including statements and actions from Erin's boyfriend.

27.    Those hateful actions increased and in the Summer of 2016 while Erin was still her roommate, Plaintiff received from Erin text messages that were hateful, threatening and anti-Semitic.  Copies of those messages are attached as Exhibit "A".

28.    Additionally Plaintiff found that Erin had smashed her mezuzah, a Jewish religious symbol usually posted on an entry doorpost that consists of a piece of parchment called a klaf contained in a decorative case and inscribed with specific Hebrew verses from the Torah.

29.    Following those incidents, the hate-filled actions of Erin continued forcing Plaintiff to move from the dormitory room she shared with

7

Erin and into the suite occupied by the student Resident Assistant, Allison

Seibert ("Seibert") who was senior at the University.

30.     Thereafter, through discussions with Plaintiff, Ms. Seibert became

aware of the improper actions of Erin and reported that information on several

occasions to her direct boss Ms. Vanderpool who in turn discussed the

information with Ms. Reasoner.

31.     No action was taken by any University employee despite the gravity

of the accusations against Erin.

32.     In January 2017, Plaintiff attempted to eat at one of the assigned

dining halls, only to be confronted by and refused service by Erin who was

employed as a food server by Defendant Aramark.

33.     That incident was reported by Plaintiff and a witness to the events

in writing to Ms. Vanderpool and Ms. Reasoner as well as to Aramark

employees, Mack and Wallace.

34.     Again no action was taken to resolve the ongoing discrimination.

35.     Plaintiff also reported the clearly illegal discriminatory actions that

she was suffering to the unidentified campus police officers and in turn to Jesus

Peña who collectively also took no action to resolve the serious issues raised by

Plaintiff's complaints.

36.     The problems of racism and bigotry against Jews continued to

escalate and on February 16, 2017 a campus group called Kutztown Resists

organized a March of students, faculty and local residents in response to the

ongoing hate propaganda posted and distributed on the University Campus.

8

37.   In March 2017, Plaintiff was forced to seek and receive psychological counseling in order to deal with the emotional distress and fear she was experiencing.

38.   Based upon the complete failure of the Defendants, individually and collectively to resolve the hate-filled actions and rhetoric, on May 2, 2017 Plaintiff announced and advised in writing she would not be returning to the University for the fall semester because of "anti-Semitism".

39.   Plaintiff's last day at the University was May 27, 2017.

40.   Since that time, Plaintiff has matriculated as a full time student at another university where she has experienced great success in her studies.

41.   Nevertheless, the actions of Defendants as aforesaid have caused Plaintiff to sustain harm, including economic damages, deprivation of the benefit of her bargains, and losses in tuition, as well as great emotional distress, humiliation and embarrassment for which she has had to seek and receive additional psychological counseling.

Defendants' actions were egregious, effected willfully, maliciously, and with wanton disregard for Plaintiff's rights and were in all respects outrageous, thereby permitting compensation for an award of punitive damages.

### COUNT I
### BREACH OF CONTRACT
**[Against Defendant Kutztown University]**

42.   Plaintiff incorporates by reference paragraphs set forth hereinabove as if fully set forth in herein.

43.   The actions of the University in not providing the implied promise of

9

a safe environment to Plaintiff constitute an actionable breach of contract.

44.    As a direct result of that breach, Plaintiff was caused to pay to the University monies for tuition, room and board, and fees in approximately $30,000.00 which properly must be returned to her.

45.    Additionally, Plaintiff has been caused to expend additional sums in connection with her continuing educational pursuit that would not been necessary if she continued her education at Kutztown.

WHEREFORE, Plaintiff demands judgment in her favor and against the Defendant Kutztown University in an amount in excess of $50,000.00 exclusive of interest and costs, plus appropriate pre- and post-judgment interest, the cost and expense of litigation, and such other and further relief that the Court deems just and proper.

## COUNT II
## FRAUD IN THE INDUCEMENT
### [Against Defendant Kutztown University]

46.    Plaintiff incorporates by reference paragraphs set forth hereinabove as if fully set forth in herein.

47.    Plaintiff was fraudulently induced to matriculate as a student at Kutztown University by the University's false assurance that she would be provided with an appropriate environment free of hate and bigotry to complete her studies.

49.    Instead, Plaintiff was forced to leave the University based upon the oppressive presence of anti-Semitic actions and propaganda.

50.    As a direct result Plaintiff has sustained harm, including economic

10

damages, deprivation of the benefits of her bargains, and losses in tuition, as well as great emotional distress, humiliation and embarrassment.

51.    Defendants' actions were egregious, effected willfully, maliciously, and with wanton disregard for Plaintiff's rights and were in all respects outrageous, thereby demanding compensation for punitive damages.

WHEREFORE, Plaintiff demands judgment in her favor and against the Defendant Kutztown University for compensatory, consequential and punitive damages in an amount in excess of $50,000.00 exclusive of interest and costs, plus appropriate pre- and post-judgment interest, the cost and expense of litigation, and such other and further relief that the Court deems just and proper.

### COUNT III
### VIOLATIONS OF THE PENNSYLVANIA CONSTITUTION
### [Against Kutztown University]

52.    Plaintiff incorporates by reference paragraphs set forth hereinabove as if fully set forth in herein.

53.    The actions of the University constitute a denial of due process and equal protection guaranteed by the Constitution of the Commonwealth of Pennsylvania.

54.    As a direct result Plaintiff has sustained harm, including economic damages, deprivation of the benefit of her bargains, and losses in tuition, as well as great emotional distress, humiliation and embarrassment.

11

55.   Defendants' actions were egregious, effected willfully, maliciously, and with wanton disregard for Plaintiff's rights and were in all respects outrageous, thereby demanding compensation for punitive damages.

WHEREFORE, Plaintiff demands judgment in her favor and against Kutztown University for compensatory, consequential and punitive damages in an amount in excess of $50,000.00 exclusive of interest and costs, plus appropriate pre- and post-judgment interest, the cost and expense of litigation, and such other and further relief that the Court deems just and proper.

## COUNT IV
## TORTIOUS INTERFERENCE WITH PLAINTIFF'S IMPLIED CONTRACT WITH DEFENDANT KUTZTOWN UNIVERSITY
### [Against Aramark and all Individual Defendants]

54.   Plaintiff incorporates by reference paragraphs set forth hereinabove as if fully set forth in herein.

55.   The actions of the Defendants named in this Count were intended to interfere with Plaintiff's contract with the University to attend as student for a full four years and gain an appropriate education.

WHEREFORE, Plaintiff demands judgment in her favor and against the Defendants named herein, jointly and severally, for compensatory, consequential and punitive damages in an amount in excess of $50,000.00 exclusive of interest and costs, plus appropriate pre- and post-judgment interest, the cost and expense of litigation, and such other and further relief that the Court deems just and proper.

12

## COUNT V
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## [Against All Defendants]

56.     Plaintiff incorporates by reference paragraphs set forth hereinabove as if fully set forth in herein.

57.     Defendants conduct was all extreme and outrageous.

58      Defendants engaged in this outrageous conduct with the intent of causing emotional distress to Plaintiff, or in reckless disregard of the probability of causing emotional distress to Plaintiff.

59.     As a direct result of Defendants' conduct, Plaintiff has suffered and will continue to suffer severe damages, including past and future loss of compensation, physical injuries, extreme mental anguish, severe anxiety, personal humiliation, painful embarrassment, disruption of her personal life, and loss of enjoyment of the ordinary pleasures of everyday life.

60.     Defendants conduct was willful, wanton, outrageous and done with a reckless disregard of the rights of Plaintiff and warrants an award of punitive damages.

WHEREFORE, Plaintiff demands judgment in her favor and against the Defendants named herein, jointly and severally, for compensatory, consequential and punitive damages in an amount in excess of $50,000.00 exclusive of interest and costs, plus appropriate pre- and post-judgment interest, the cost and expense of litigation, and such other and further relief that the Court deems just and proper.

Case ID: 181103001

## COUNT VI
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
## [Against All Defendants]

61.     Plaintiff incorporates by reference paragraphs set forth hereinabove as if fully set forth in herein.

62.     Defendants engaged in this conduct negligently causing emotional distress to Plaintiff in reckless disregard of the probability of causing emotional distress to Plaintiff.

63.     As a direct result of Defendants' conduct, Plaintiff has suffered and will continue to suffer severe damages, including past and future loss of compensation, physical injuries, extreme mental anguish, severe anxiety, personal humiliation, painful embarrassment, disruption of her personal life, and loss of enjoyment of the ordinary pleasures of everyday life.

64.     Defendants conduct was willful, wanton, outrageous and done with a reckless disregard of the rights of Plaintiff and warrants an award of punitive damages.

WHEREFORE, Plaintiff demands judgment in her favor and against the Defendants named herein, jointly and severally, for compensatory, consequential and punitive damages in an amount in excess of $50,000.00 exclusive of interest and costs, plus appropriate pre- and post-judgment interest, the cost and expense of litigation, and such other and further relief that the Court deems just and proper.

Case ID: 181103001

## COUNT VII
## PROMISSORY ESTOPPEL
### [Against Defendant Kutztown University]

65.   Plaintiff incorporates by reference paragraphs set forth hereinabove as if fully set forth in herein.

66.   In Pennsylvania, a claim for promissory estoppel requires three elements: (1) "the promisor made a promise that he should have reasonably expected to induce action or forbearance on the part of the promisee"; (2) the promisee took action or refrained from action in reliance on the promise; and (3) enforcing the promise is the only way to avoid injustice.

67.   As described more fully above, Defendant Kutztown University, for its own benefit and on its own behalf made implied promises and assurances to Plaintiff that she would be provided a safe and unbiased environment while attending and living on the premises of its campus.

68.   Plaintiff reasonably relied upon these representations and assurances, to her emotional and economic detriment.

69.   In accordance with the principles of Pennsylvania law, enforcing Defendants' promises and paying Plaintiff what she is owed is the only way to prevent an injustice to her.

WHEREFORE, Plaintiff demands judgment in her favor and against the Defendant Kutztown University named herein, jointly and severally, in an amount in excess of $50,000.00 exclusive of interest and costs, plus appropriate pre- and post-judgment interest, the cost and expense of litigation, and such other and further relief that the Court deems just and proper.

15

## COUNT VIII
## CONSPIRACY TO VIOLATE CONSTITUTIONAL RIGHTS, 42 U.S.C. §1983
### [Against Aramark and all individual Defendants]

70.   Plaintiff incorporates by reference paragraphs set forth hereinabove as if fully set forth in herein.

71.   The actions taken by the Defendants named in the Count were the result of and taken in furtherance of a conspiracy to violate Plaintiff's rights under the United States Constitution to be free of actions taken against her because of religious expression.

WHEREFORE, Plaintiff demands judgment in her favor and against the Defendants named herein, jointly and severally, for compensatory, consequential and punitive damages in an amount in excess of $50,000.00 exclusive of interest and costs, plus appropriate pre- and post-judgment interest, the cost and expense of litigation, and such other and further relief that the Court deems just and proper.

Respectfully submitted,

SPECTOR GADON ROSEN VINCI PC

/s/ *Alan B. Epstein*

Alan B. Epstein

*Attorneys for Plaintiff*
*Cassidy Pyser*

Dated:   November 11, 2019

16

Case ID: 181103001

## **CERTIFICATE OF SERVICE**

I, Alan B. Epstein, Esquire certify that the forgoing Civil Action Complaint has been filed electronically and will be available for viewing downloading from the Court's Electronic Case Filing System by registered Counsel for Kutztown University and Aramark Food and Service Support Group, Inc .  I further certify that a copy of the foregoing Complaint will be served on all other Defendants by and through the Sheriff of Berks County pursuant to the Pennsylvania Rules of Civil Procedure.

/s/ *Alan B. Epstein*
Alan B. Epstein, Esquire

Dated:  November 11, 2019

Case ID: 181103001



Filed and Attested by the
Office of Judicial Records
12 NOV 2019 05:35 pm
M. RUSSO

## VERIFICATION

I, Cassidy Pyser hereby certify that I am the Plaintiff in the within action and authorized, in accordance with the applicable Pennsylvania Rules of Civil Procedure, to make this verification to the attached Complaint. I hereby verify that the responses set forth in the foregoing document are true and correct to the best of my knowledge, information and belief.

I understand that the statements made herein are made subject to the penalties of 18 Pa.C.S.A. § 4904 relating to unsworn falsification to authorities.

/s/ _Cassidy Pyser_
Cassidy Pyser

Date: 11/11/19

Filed and Attested by the
Office of Judicial Records
12 NOV 2019 05:35 pm
M. RUSSO

# Exhibit A




JUL 24, 2016 AT 5:16 PM




JUL 24, 2016 AT 5:26 PM

Pyser v. Kutztown 000023

# ripstick

  

AUG 20 AT 3:55 PM

**How to pick up Jewish chicks**





AUG 22 AT 9:06 AM

Erin

AUG 22 AT 12:40 PM



**Moving in on Wednesday**

Ok

Case ID: 181103001

ripstick   

How to protect your watermelon farm





Erin this racist shit needs to stop



???

The Jewish joke you sent me the other day really upset me

Case ID: 181103001

EXHIBIT "D"

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA 2019 DEC 30  P 5: 30

USDC-EDPA
REC'D CLERK

CASSIDY PYSER
3228 Ellington Court
Bensalem, PA  19020
        Plaintiff,
    v.
KUTZTOWN UNIVERSITY OF
PENNSYLVANIA
15200 Kutztown Road
Kutztown, PA  19530
    and
ARAMARK FOOD AND SUPPORT
SERVICE GROUP, INC.
2400 Market Street
Philadelphia, PA  19103
    and
MELISSA VANDERPOOL,
DESIREE REASONER,
JESUS PEÑA, and
UNIDENTIFIED JOHN DOE
CAMPUS SECURITY
POLICE OFFICERS, all acting in
their individual capacities,
c/o Kutztown University of
Pennsylvania
15200 Kutztown Road
Kutztown, PA  19530
    and
PAUL MACK and
CHRISTOPHER WALLACE,
c/o Aramark Food and Support
Service Group, Inc.
2400 Market Street
Philadelphia, PA  19103
        Defendants.

CIVIL ACTION

NO. 19-5581

JURY TRIAL DEMANDED

## AMENDED CIVIL ACTION COMPLAINT

Plaintiff Cassidy Pyser ("Plaintiff" or "Pyser"), by her undersigned attorneys, avers as follows in support of the allegations and causes of action set forth in this Amended Complaint against the named Defendants:

## INTRODUCTORY STATEMENT

1.    Plaintiff brings this action to redress claims arising from the actions and inactions effected by the Defendants individually and in concert to deprive her of her common law and constitutional rights in connection with her attendance as a fully matriculated student for two years at Kutztown University ("Defendant Kutztown" or the "University") located in Kutztown, Pennsylvania.

2.    More specifically, the following paragraphs document that after Defendant Kutztown fraudulently induced Plaintiff to attend and reside at the University by promising a safe educational and residential environment, the Defendants, individually and collectively directly created the danger that allowed Plaintiff to be the victim of outrageous and uncorrected anti-Semitic acts and behaviors that caused her great emotional harm and required her to leave her studies at Kutztown University before the start of her third year. Moreover, Defendant Kutztown and its named individual employees caused the danger and, in turn, the harm that was reasonably foreseeable caused to Plaintiff, who as an individual of the Jewish faith was a reasonably foreseeable victim, acted with culpability that shocks the conscience, and caused the Plaintiff to be more vulnerable to danger that it created on campus.

3.    The Defendants' individual and collective conduct formed a conspiracy that was grossly indifferent to Plaintiff's constitutional and common

law rights and has caused her permanent and irreparable psychological harm,

making a significant compensatory and punitive damages awards appropriate.

### THE PARTIES

4.     Plaintiff Cassidy Pyser is a resident and citizen of the

Commonwealth of Pennsylvania and currently resides at 3228 Ellington Court,

Bensalem, PA  19020.

5.     At all times relevant to the present Complaint, Plaintiff (born

September 18, 1996) was a fully matriculated student at Kutztown University

from September 2015 through May 2017.

6.     Defendant Kutztown is an accredited institution of higher learning

associated with of the Pennsylvania State System of Higher Education

("PASSHE").  Defendant Kutztown's principal place of business is located at

15200 Kutztown Road, Kutztown, PA 19530.

7.     As reflected on its public website, the University boasts student

enrollment of nearly 9,000 students from across the United States and the

world, almost fifty percent (50%) of whom live in residence halls on the

University campus.

8.     Kutztown University was founded in 1866 as Keystone Normal

School, became Kutztown State Teachers College in 1928 and Keystone State

College in 1960.  It achieved University status in 1983.

9.     The University publicly professes not to discriminate in educational

opportunity on the basis of, *inter alia*, religion.

3

10.     While associated with other Universities that are related through PASHHE, Defendant Kutztown is governed by a Counsel of Trustees ("COT") consisting of eleven members who set the educational and operational policies of Defendant Kutztown.

11.     On information, knowledge and belief, Defendant Kutztown is largely and independently supported by the tuition payments of its students that, like other institutions of higher learning associated with PASHHE, are determined by the Kutztown COT in accordance with, *inter alia*, its geographical location.

12.     On information, knowledge and belief, the COT of Defendant Kutztown has the power to and does solicit monies from alumni and other donor sources to fund its operations and maintains accounts separate and apart from the funds of other PASHHE institutions to hold such funding.

13.     On information, knowledge and belief, the debts and obligations of Defendant Kutztown, including contractual and other claims brought against it are binding on that entity and do not constitute claims against the Commonwealth of Pennsylvania without the voluntary agreement of the state to accept such obligations.

14.     While at all times applicable to the present Amended Complaint, Defendant Kutztown was acting under the color of law, the Defendant Kutztown and the named individual employees of Defendant Kutztown acting in their individual capacities (Melissa Vanderpool, Desiree Reasoner, Jesus Peña, and the unidentified police officers) are not actors entitled to statutory protections

4

and immunities extended to actual departments and agencies of the
Commonwealth of Pennsylvania.

15.   Defendant Aramark Educational Services LLC ("Aramark")[1] is a
company incorporated and operating under the laws of the Commonwealth of
Pennsylvania with a principal place of business located at 2400 Market Street,
Philadelphia, PA 19103.

16.   At all times applicable to the present matter, Aramark provided food
and dining services to students in the University's several dining halls at a fee
paid by each of the students participating, a function that traditionally is
provided by a governmental actor, thereby rendering Aramark a governmental
actor for all purposes related to the allegations in the present Amended
Complaint.

17.   Defendants Melissa Vanderpool ("Vanderpool") (Assistant Director of
Residence), Desiree Reasoner ("Reasoner") (Director of Residence Life), Jesus
Peña ("Peña") (Deputy to University President Kenneth S. Hankinson for
compliance and equity and legal affairs), and the yet unidentified John Doe
Campus Security Police Officers ("Police Officers") are all residents and citizens
of the Commonwealth of Pennsylvania employed by the Defendant Kutztown
University in the capacities noted above.

---

[1] By Stipulation entered in the Philadelphia Court of Common Pleas before removal, the
proper Aramark defendant is Aramark Educational Services, LLC. A separate
Stipulation to allow the appropriate amendment to the caption will be shortly filed in
this Court.

18.    At all times relevant to the present Complaint, each of them were acting in their individual capacities under the color of law at Kutztown University, 15200 Kutztown Road, Kutztown, PA  19530 and were responsible for the safety of the students attending and living at the University.

19.    Defendants Paul Mack ("Mack") (Aramark Resident Director)  and Christopher Wallace ("Wallace") (Aramark Director of Operations) are residents and citizens of the Commonwealth of Pennsylvania who, at all times relevant to the present Complaint, worked out of the local office of Aramark located at 15200 Kutztown Road, Kutztown, PA  19530.

20.    At all times relevant to the present Complaint, Defendants Mack and Wallace were acting as supervisory and policy-making employees of Aramark serving and employing University students in the University's dining halls.

## VENUE and JURISDICTION

21.    Venue and jurisdiction are proper in in this Court because Defendant Kutztown and its individually named employees regularly conduct business within the geographical boundaries of the Eastern District of Pennsylvania (including the recruiting of students to attend the University) and Defendant Aramark maintains its principal place of business therein.

22.    This Court has jurisdiction to hear and resolve all of Plaintiff's claims arising from contract and tort actions and actions in accordance with the Pennsylvania Constitution as set forth herein and can hear and resolve all issues relating to Plaintiff's claims arising from the constitutional protections

afforded pursuant to the protections of federal constitutional rights brought pursuant to the provisions of 42 U.S.C. §1983 in accordance with the governing terms of 28 U.S.C. §§ 1331 and 1343.

## RELEVANT FACTUAL HISTORY

23.   Plaintiff first matriculated as a freshman student the University in September 2015, intending to seek and secure a four-year college degree.

24.   Her decision in that regard was based upon the representations publicly made by the University that it provided to all students a safe environment to under college studies free from any threats to that well-being made, *inter alia,* on the basis of Jewish religious belief.

25.   Moreover, despite an obligation to do so contractually and pursuant the federal law known as the Clery Act (formally The Jeanne Clery Disclosure of Campus Security Policy and Campus Crime Statistics, 20 U.S.C. §1092(f)), Defendant Kutztown purposely and deliberately created a danger to putative students of the Jewish faith by not properly advising or giving timely warnings to incoming Jewish students and their parents in the Annual Campus Security Reports mandated under the Clery Act that could represent a foreseeable threat to the safety those students or include in the mandated Annual Campus Security Reports.

26.   Specifically, despite the fact that it was identified by the Anti-Defamation League as having been targeted with another 17 Universities and colleges by neo-Nazi and other hate groups, the University did not warn that the campus and its immediate environs had been the target of outside white

7

supremacist groups and anti-Semitic postings including the posting of signs

throughout the campus area focused on the preservation of white American

culture and heralding neo-Nazi propaganda.

27.    The University additionally did not publish that it intended to

abolish a University policy rule against the display of symbols of hate and

permitted by students in their residence hall of symbols of hate against Jews,

including the prominent display of Nazi swastikas and other hate-related

propaganda.

28.    Those actions by the University were intentionally taken to convince

students that it provided a safe and secure environment that was free from

bigotry based on hatred of Jews and that students following Jewish faith would

not be the target of hate-related speech, threats and actions.

29.    Those actions were taken solely for the purpose of not curtailing

student admissions and resulting additional tuition monies and in the context

of the social atmosphere of hatred toward followers of the Jewish faith,

constituted actions that shock all decency and morality.

30.    In fact, despite its knowledge of hate-induced criminal activity, it

affirmatively withheld from the mandated Clery reports for the years preceding

Plaintiff's matriculation all the evidence of such hate-filled activity in or about

the campus.

31.    If Plaintiff had been made aware of the hate-related activity on the

University campus and in the surrounding community constituting reportable

offences mandated both by the Clery Act as well as Defendant Kutztown's

8

contractual obligations to its students, she would not have accepted admission to the University.

26.    As should have been anticipated by the Kutztown Defendants promptly following her admission, Plaintiff began experiencing discrimination on the basis of her Jewish faith, including statements and actions from roommate Erin Dibble's ("Erin") then-boyfriend.

27.    Those hateful actions increased and while Erin was still her roommate, Plaintiff received from Erin text messages that were hateful, threatening and anti-Semitic.  Copies of those messages are attached as Exhibit "A".

28.    Additionally Plaintiff found that Erin had smashed her mezuzah, a Jewish religious symbol usually posted on an entry doorpost that consists of a piece of parchment called a klaf contained in a decorative case and inscribed with specific Hebrew verses from the Torah.

29.    Following those incidents, the hate-filled actions of Erin continued forcing Plaintiff to move from the dormitory room she shared with Erin and into the suite occupied by the student Resident Assistant, Allison Seibert ("Seibert") who was senior at the University.

30.    Thereafter, through discussions with Plaintiff, Ms. Seibert became aware of the improper actions of Erin and reported that information on several occasions to her direct boss Defendant Vanderpool who in turn discussed the information with Defendant Reasoner.

31.    No action was taken by any University employee despite the gravity of the accusations against Erin.

32.    Shortly thereafter, Plaintiff attempted to eat at one of the assigned dining halls, only to be confronted by and refused service by Erin who was employed as a food server by Defendant Aramark.

33.    That incident was reported by Plaintiff and a witness to the events in writing again to Defendants Vanderpool and Reasoner as well as to Aramark employees, Defendants Mack and Wallace.

34.    Again no action was taken to resolve the ongoing discrimination or remove Plaintiff from the apparent dangers created by the defendants collectively.

35.    Plaintiff also reported the clearly illegal discriminatory actions that she was suffering to the unidentified campus police officers and in turn to security head Jesus Peña who collectively also took no action to resolve the serious issues raised by Plaintiff's complaints.

36.    The problems of racism and bigotry against Jews continued to escalate and a campus group called Kutztown Resists organized a march of students, faculty and local residents in response to the ongoing hate-filled Nazi propaganda posted and distributed on the University Campus targeted at Jews.

37.    Thereafter, Plaintiff was forced to seek and receive psychological counseling in order to deal with the emotional distress and fear she was experiencing arising from the continued dangers created by the defendants collectively.

38.   Based upon the complete failure of the Defendants, individually and collectively, to resolve the created danger of being exposed to the aforesaid the hate-filled actions and rhetoric causing the danger of which the Defendants were aware that Plaintiff was a victim, on May 2, 2017 Plaintiff announced and advised in writing she would not be returning to the University for the fall semester because of "anti-Semitism".

39.   Plaintiff's last day at the University was May 27, 2017.

40.   Since that time, and as a direct result of the psychological harm caused by the unlawful actions of the defendants collectively in creating the aforesaid danger, Plaintiff was required to miss the entire next semester of schooling.

41.   Thereafter, Plaintiff matriculated as a full time student at another university where she has experienced great success in her studies and is scheduled to graduate with honors in the very near future.

42.   Nevertheless, the actions of Defendants as aforesaid have caused Plaintiff to sustain harm, including economic damages, deprivation of the benefit of her bargains, and losses in tuition, as well as great emotional distress, humiliation and embarrassment.

43.   The actions of the individual defendant were egregious, were affected willfully, maliciously, and with wanton disregard for Plaintiff's rights and were in all respects outrageous, thereby permitting compensation for an award of punitive damages against the appropriate individuals as cited hereinafter.

11

## COUNT I
## BREACH OF CONTRACT
### [Against Defendant Kutztown University]

44.     Plaintiff incorporates by reference paragraphs set forth hereinabove as if fully set forth in herein.

45.     The actions of the University in not providing the implied promise of a safe environment to Plaintiff constitute an actionable breach of contract.

44.     As a direct result of that breach, Plaintiff was caused to pay to the University monies for tuition, room and board, and fees of approximately $30,000.00 which properly must be returned to her.

45.     Additionally, Plaintiff has been caused to lose a full semester of earnings and to expend additional sums in connection with her continuing educational pursuits that would not have been necessary if she had been able to continue her education at Kutztown.

## COUNT II
## FRAUD IN THE INDUCEMENT
### [Against Defendant Kutztown University]

46.     Plaintiff incorporates by reference paragraphs set forth hereinabove as if fully set forth in herein.

47.     Plaintiff was fraudulently induced to matriculate as a student at Kutztown University by the University's false assurance that she would be provided with an appropriate environment free of hate and bigotry to complete her studies.

49.     Instead, Plaintiff was forced to leave the University based upon the

12

oppressive presence of anti-Semitic actions and propaganda.

50.    As a direct result Plaintiff has sustained harm, including economic damages, deprivation of the benefits of her bargains, loses in future earnings and losses in tuition, as well as great emotional distress, humiliation and embarrassment.

### COUNT III
### VIOLATIONS OF THE PENNSYLVANIA CONSTITUTION
### [Against Kutztown University]

52.    Plaintiff incorporates by reference paragraphs set forth hereinabove as if fully set forth in herein.

53.    The actions of the University constitute a denial of due process and equal protection guaranteed by the Constitutions of the United States and the Commonwealth of Pennsylvania.

54.    As a direct result Plaintiff has sustained harm, including economic damages, deprivation of the benefit of her bargains, losses of future earnings and losses in tuition, as well as great emotional distress, humiliation and embarrassment.

### COUNT IV
### TORTIOUS INTERFERENCE WITH PLAINTIFF'S IMPLIED CONTRACT WITH
### DEFENDANT KUTZTOWN UNIVERSITY
### [Against Aramark and all Individual Defendants]

54.    Plaintiff incorporates by reference paragraphs set forth hereinabove as if fully set forth in herein.

55.     The actions of the Defendants named in this Count were intended to interfere with Plaintiff's contract with the University to attend as student for a full four years and gain an appropriate education.

## COUNT V
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### [Against All Defendants]

56.     Plaintiff incorporates by reference paragraphs set forth hereinabove as if fully set forth in herein.

57.     Defendants' conduct was all extreme and outrageous and shocks the moral conscience.

58      Defendants engaged in this outrageous conduct with the intent of causing emotional distress to Plaintiff, or in reckless disregard of the probability of causing emotional distress to Plaintiff.

59.     As a direct result of Defendants' conduct, Plaintiff has suffered and will continue to suffer severe damages, including past and future loss of compensation, physical injuries, extreme mental anguish, severe anxiety, personal humiliation, painful embarrassment, disruption of her personal life, and loss of enjoyment of the ordinary pleasures of everyday life.

60.     Defendants' conduct was willful, wanton, outrageous and done with a reckless disregard of the rights of Plaintiff and warrants an award of punitive damages against Aramark and the individual defendants.

## COUNT VI
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### [Against All Defendants]

61.     Plaintiff incorporates by reference paragraphs set forth hereinabove

14

as if fully set forth in herein.

62.     Defendants engaged in this conduct negligently causing emotional distress to Plaintiff in reckless disregard of the probability of causing emotional distress to Plaintiff.

63.     As a direct result of Defendants' conduct, Plaintiff has suffered and will continue to suffer severe damages, including past and future loss of compensation, physical injuries, extreme mental anguish, severe anxiety, personal humiliation, painful embarrassment, disruption of her personal life, and loss of enjoyment of the ordinary pleasures of everyday life.

64.     The actions of Aramark and the individual Defendants were willful, wanton, outrageous and done with a reckless disregard of the rights of Plaintiff and warrant an award of punitive damages.

### COUNT VII
### PROMISSORY ESTOPPEL
### [Against Defendant Kutztown University]

65.     Plaintiff incorporates by reference paragraphs set forth hereinabove as if fully set forth in herein.

66.     In Pennsylvania, a claim for promissory estoppel requires three elements: (1) "the promisor made a promise that he should have reasonably expected to induce action or forbearance on the part of the promisee"; (2) the promisee took action or refrained from action in reliance on the promise; and (3) enforcing the promise is the only way to avoid injustice.

67.     As described more fully above, Defendant Kutztown University, for its own benefit and on its own behalf made implied promises and assurances to

Plaintiff that she would be provided a safe and unbiased environment while attending and living on the premises of its campus.

68.    Plaintiff reasonably relied upon these representations and assurances, to her emotional and economic detriment.

69.    In accordance with the principles of Pennsylvania law, enforcing Defendants' promises and paying Plaintiff what she is owed is the only way to prevent an injustice to her.

## COUNT VIII
## CONSPIRACY TO VIOLATE CONSTITUTIONAL RIGHTS, 42 U.S.C. §1983
### [Against Aramark and all individual Defendants]

70.    Plaintiff incorporates by reference paragraphs set forth hereinabove as if fully set forth in herein.

71.    The actions taken by the Defendants named in the Count were the result of and taken in furtherance of a conspiracy to violate Plaintiff's rights under the United States Constitution to be free of actions taken against her because of religious expression.

WHEREFORE. Plaintiff demands judgment against the several defendants named herein, jointly and severally as permitted under the several counts set forth above, including compensatory, consequential and punitive damages (where the latter is appropriate), attorneys' fees and the costs of litigation.

**SPECTOR GADON ROSEN VINCI P.C.**


By: /s/ *Alan B. Epstein*
    Alan B. Epstein, Esquire
    Johan Ashrafzadeh-Kian, Esquire
    Pa. Atty. I.D. Nos. 2346/314994
    1635 Market Street Seventh Floor
    Philadelphia, PA  19103
    (215) 241-8888
    *aepstein@sgrvlaw.com*
    *jkian@sgrvlaw.com*


    *Attorneys for Plaintiff,*
    *Cassidy Pyser*

# Exhibit "A"





JUL 24, 2016 AT 5:16 PM





JUL 24, 2016 AT 5:26 PM

Pyser v. Kutztown 000040

ripstick   

AUG 20 AT 5:55 PM

How to pick up Jewish chicks





AUG 22 AT 9:06 AM

Erin 

AUG 22 AT 12:40 PM

 **Moving in on Wednesday**

Ok 

## ripstick

  

How to protect your watermelon farm





Erin this racist shit needs to stop



???

The Jewish joke you sent me the other day really upset me

Pyser v. Kutztown 000042

## CERTIFICATE OF SERVICE

I, Alan B. Epstein, Esquire certify that the forgoing Civil Action Complaint has been filed and sent to all registered Counsel for Kutztown University and Aramark Educational Services, LLC.  I further certify that a copy of the foregoing Amended Complaint will be served on all other Defendants who are not yet represented but have been served with the original Complaint filed in the Philadelphia Court of Common Pleas and on counsel for their Aramark Educational Services, LLC employer pursuant to the applicable Rules of Civil Procedure.

/s/ Alan B. Epstein
_____
Alan B. Epstein, Esquire